**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**C.B., by and through his next friend,
Charleston DePriest, ET AL.**                                    **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 3:10CV663-CWR-FKB**

**WALNUT GROVE CORRECTIONAL
AUTHORITY, ET AL.**                                    **DEFENDANTS**

_____

**ANSWER AND DEFENSES OF DR. TOM BURNHAM,
IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE
MISSISSIPPI STATE DEPARTMENT OF EDUCATION**
_____

**COMES NOW**, Defendant Dr. Tom Burnham, in his official capacity as Superintendent of the Mississippi State Department of Education ("Burnham"), and files this his Answer and Defenses to the Plaintiffs' Complaint ("complaint") [Docket No. 1] and states:

**ANSWER**

Burnham responds to the complaint, paragraph-by-paragraph, as follows:

**INTRODUCTION**

1.      Denied as stated.  Burnham admits only that the contracts referenced in paragraph 1 speak for themselves.  Any and all remaining allegations contained in paragraph 1 are denied.

2.      Denied.

3.      Denied as stated.  Burnham admits only that the documents referenced in paragraph 3speak for themselves.  Any and all remaining allegations contained in paragraph 3 are denied.

4.      Denied.

5.      Paragraph 5 sets forth legal conclusions and do not require a response from Burnham.

If Burnham is mistaken in this regard, the allegations contained in paragraph 5 are denied.

## JURISDICTION

6. Denied as stated. Burnham admits only, without waiver of his affirmative defenses in this matter, that the statutes referenced in paragraph 6 speak for themselves. Any and all remaining allegations contained in paragraph 6 are denied.

## VENUE

7. Denied as stated. Burnham admits only, without waiver of his affirmative defenses in this matter, that the statutes referenced in paragraph 7 speak for themselves. Any and all remaining allegations contained in paragraph 7 are denied.

## PARTIES

8. Denied as stated. Burnham admits that plaintiffs are persons currently or formerly incarcerated at Walnut Grove Youth Correctional Facility ("WGYCF"). Any and all remaining allegations contained in paragraph 8 are denied.

9. Denied as stated. Burnham admits only that plaintiff C.B. brings this action through his next friend and father, Charleston DePriest, and is currently incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 9 are denied.

10. Denied as stated. Burnham admits only that plaintiff Eric Ball is currently incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 10 are denied.

11. Denied as stated. Burnham admits only that plaintiff Erik Barnes is currently incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 11 are denied.

12. Denied as stated. Burnham admits only that plaintiff Jamario Brady is currently incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 12 are denied.

13. Denied as stated. Burnham admits only that plaintiff Joshua Clay was formerly incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 13 are denied.

14. Denied as stated. Burnham admits only that plaintiff Christopher Coleman is currently incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 14 are denied.

15. Denied as stated. Burnham admits only that plaintiff Lamarcus Curry was formerly incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 15 are denied.

16. Denied as stated. Burnham admits only that plaintiff Craig Kincaid was formerly incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 16 are denied.

17. Denied as stated. Burnham admits only that plaintiff Lamanche Readus is currently incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 17 are denied.

18. Denied as stated. Burnham admits only that plaintiff Cozy Scott is currently incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 18 are denied.

19. Denied as stated. Burnham admits only that plaintiff Latravis Smith was formerly incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 19 are denied.

20. Denied as stated. Burnham admits only that plaintiff Brian Webster was formerly incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 20 are denied.

21. Denied as stated. Burnham admits only that plaintiff Fredrick White was formerly incarcerated at WGYCF. Any and all remaining allegations contained in paragraph 21 are denied.

22. Denied as stated. Burnham admits only that the Walnut Grove Correctional Authority was created by enactment of House Bill No. 1878 in 1998, and said enactment, and all other laws, statutes and contracts referenced in paragraph 22, speak for themselves. Any and all remaining

allegations contained in paragraph 22 are denied.

23.     Denied as stated.  Burnham admits only that the documents governing GEO Group, Inc.'s acquisition of Cornell Companies, Inc. and other contracts referenced in paragraph 23 speak for themselves.  Burnham further admits, upon information and belief, that GEO Group, Inc. maintains a principal place of business at 621 NW 53rd Street, Suite 700, Boca Raton, Florida.  Any and all remaining allegations contained in paragraph 23 are denied.

24.     Denied as stated.  Burnham admits only that the contract between Health Assurance, LLC and the Mississippi Department of Corrections referenced in paragraph 24 speaks for itself. Burnham further admits, upon information and belief, that Health Assurance, LLC is an entity organized under the laws of the State of Mississippi and maintains in principal place of business at 5903 Ridgewood Road, Suite 320, Jackson, Mississippi.   Any and all remaining allegations contained in paragraph 24 are denied.

25.     Denied as stated.  Burnham admits only that Walter Tripp is the warden of WGYCF and his official duties are defined by applicable law.  Any and all remaining allegations contained in paragraph 25 are denied.

26.     Denied as stated.  Burnham admits only that Wesley Vinson is a deputy warden of WGYCF and his official duties are defined by applicable law.  Any and all remaining allegations contained in paragraph 26 are denied.

27.     Denied as stated.  Burnham admits only that Dan Kern is a deputy warden of WGYCF and his official duties are defined by applicable law.  Any and all remaining allegations contained in paragraph 27 are denied.

28.     Denied as stated.   Burnham admits only that K. Hogue is the Health Services

-4-

Administrator at WGYCF. Any and all remaining allegations contained in paragraph 28 are denied.

29. Denied as stated. Burnham admits only that he is the Commissioner of the Mississippi Department of Corrections and the statutes referenced in paragraph 29 speak for themselves. Any and all remaining allegations contained in paragraph 29 are denied.

30. Denied as stated. Burnham admits only that Dr. Tom Burnham is the State Superintendent of the Mississippi Department of Education and the statutes referenced in paragraph 30 speak for themselves. Any and all remaining allegations contained in paragraph 30 are denied.

## CLASS ACTION ALLEGATIONS

31. Denied as stated. Burnham admits only that the plaintiffs allege they bring this suit on their own behalf of all youth who are, or will in the future be, incarcerated at the WGYCF but specifically denies this allegation entitles plaintiffs to be designated class status.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## STATEMENT OF FACTS

35. [sic] Denied.

36. [sic] Denied as stated. Burnham admits only that the legislative acts referenced in paragraph 36 [sic] speak for themselves. Any and all remaining allegations contained in paragraph 36 [sic] are denied.

37. Denied as stated. Burnham admits only that the contract(s) referenced in paragraph

37 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 37 are denied.

38.     Paragraph 38 contains no allegations which require a response from Burnham. If Burnham is mistaken in this regard, the allegations contained in paragraph 38 are denied.

## **Eight Amendment Violations: Protection from harm and Dangerous and Violent Conditions of Confinement**

38. [sic] Denied as stated. Burnham admits only that the reports referenced in paragraph 38 [sic] speak for themselves. Any and all remaining allegations contained in paragraph 38 [sic] are denied.

39.     Denied as stated. Burnham admits only that guard assignments are subject to the decisions of the persons running the day-to-day operations of the facility. Any and all remaining allegations contained in paragraph 39 are denied.

40.     Denied as stated. Burnham admits only that the reports referenced in paragraph 40 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 40 are denied.

41.     The complaint does not contain a paragraph numbered 41. If Burnham is mistaken in this regard, any and all allegations contained in paragraph 41 are denied.

42.     Denied.

43.     Denied.

44.     Denied as stated. Burnham admits only that the statute referenced in paragraph 44 speaks for itself. Any and all remaining allegations contained in paragraph 44 are denied.

45.     Denied as stated. Burnham admits only that the reports referenced in paragraph 45

of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 45 are denied.

46.     Denied as stated. Burnham admits only that the contracts referenced in paragraph 46 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 46 are denied.

47.     Denied.

48.     Denied as stated. Burnham admits only that the complaints referenced in paragraph 48 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 48 are denied.

49.     Denied.

50.     Denied as stated. Burnham admits only that the Incident Reports, Extraordinary Incident Reports and prisoner grievances referenced in paragraph 50 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 50 are denied.

51.     Denied as stated. Burnham admits only that the complaint(s), if recorded, referenced in paragraph 51 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 51 are denied.

52.     Denied as stated. Burnham admits only that the MDOC policies referenced in paragraph 52 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 52 are denied.

53.     Paragraph 53 contains allegations and legal conclusions which do not pertain to Burnham. If Burnham is mistaken in this regard, the allegations contained in paragraph 53 are denied.

54.     Denied.

**John Doe (referred to as J.D. throughout the complaint).**

55.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 55 of the complaint, the allegations contained in paragraph 55 are therefore denied.

56.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 56 of the complaint, the allegations contained in paragraph 56 are therefore denied.

57.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 57 of the complaint, the allegations contained in paragraph 57 are therefore denied.

58.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 58 of the complaint, the allegations contained in paragraph 58 are therefore denied.

59.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 59 of the complaint, the allegations contained in paragraph 59 are therefore denied.

59. [sic] Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 59[sic] of the complaint, the allegations contained in paragraph 59[sic] are therefore denied.

60.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 60 of the complaint, the allegations contained in paragraph 60 are

therefore denied.

61.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 61 of the complaint, the allegations contained in paragraph 61 are therefore denied.

62.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 62 of the complaint, the allegations contained in paragraph 62 are therefore denied.

63.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 63 of the complaint, the allegations contained in paragraph 63 are therefore denied.

64.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 64 of the complaint, the allegations contained in paragraph 64 are therefore denied.

**C.B.**

65.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 65 of the complaint, the allegations contained in paragraph 65 are therefore denied.

66.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 66 of the complaint, the allegations contained in paragraph 66 are therefore denied.

67.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 67 of the complaint, the allegations contained in paragraph 67 are

therefore denied.

68.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 68 of the complaint, the allegations contained in paragraph 68 are therefore denied.

69.     Burnham is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 69 of the complaint, the allegations contained in paragraph 69 are therefore denied.

## CHRISTOPHER COLEMAN

70.     Denied as stated.  Burnham admits only, upon information and belief, that plaintiff Christopher Coleman is housed in protective custody.  Any and all remaining allegations contained in paragraph 70 are denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

## ORLANDO THOMAS

79.     Denied as stated.  Burnham admits only that the note and administrative remedy request referenced in paragraph 79 speaks for itself.  Any and all remaining allegations contained

in paragraph 79 are denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     The compliant does not contain a paragraph numbered 83.  If Burnham is mistaken in this regard, any and all allegations contained in paragraph 83 are denied.

### February 27, 2010: Dangerously Deficient Security Leads to Massive Injuries

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

## MICHAEL MCINTOSH and MONICO LOPEZ

92.     Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 92, therefore the allegations are denied.

93.     Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 93, therefore the allegations are denied.

94.     Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 94, therefore the allegations are denied.

95. Denied.

**JOSHUA CLAY**

96. Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 96, therefore the allegations are denied.

97. Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 97, therefore the allegations are denied.

98. Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 98, therefore the allegations are denied.

## Eighth Amendment Violations: Use of Excessive Force

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

**LAMARSHA READUS**

108. Denied as stated. Burnham admits only that any notices referenced in paragraph 108 speak for themselves. Any and all remaining allegations contained in paragraph 108 are denied.

109. Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied as stated.  Burnham admits only that the Administrative Remedy Program request referenced in paragraph 114 speaks for itself.  Any and all remaining allegations contained in paragraph 114 are denied.

115.     Denied as stated.  Burnham admits only that the Emergency Administrative Remedy Program request referenced in paragraph 115 speaks for itself.  Any and all remaining allegations contained in paragraph 115 are denied.

**BRIAN WEBSTER**

116.     Denied.

117.     Denied.

118.     Denied.

119.     Denied as stated.  Burnham admits only that the Extraordinary Occurrence reports and Administrative Remedy Program requests and other notices referenced in paragraph 119 speak for themselves.  Any and all remaining allegations contained in paragraph 119 are denied.

**JOSHUA CLAY**

120.     Denied.

121.     Denied as stated.  Burnham admits only that the Administrative Remedy Program request and August 20, 2010 correspondence referenced in paragraph 121 speak for themselves.  Any and all remaining allegations contained in paragraph 121 are denied.

**JARED EPPERSON**

     122.    Denied.

     123.    Denied.

     124.    Denied.

**ANTONIO DUNNIGAN**

     125.    Denied.

     126.    Denied.

     127.    Denied.

     128.    Denied as stated.  Burnham admits only that the Administrative Remedy Program request referenced in paragraph 128 speaks for itself.  Any and all remaining allegations contained in paragraph 128 are denied.

**LATRAVIS SMITH**

     129.    Denied.

     130.    Denied.

     131.    Denied.

     132.    Denied.

**Eighth Amendment Violations: Punitive Isolation**

     133.    Denied.

     134.    Denied.

     135.    Denied.

     136.    Denied.

     137.    Denied.

138.    Denied.

**ERIC BALL**

139.    Denied.

140.    Denied.

141.    Denied.

**Eighth Amendment Violations: Inadequate Medical and Mental Health Treatment**

142.    Denied as stated.  Burnham admits only that the May 22, 2006 contract referenced in paragraph 142 speaks for itself.  Any and all remaining allegations contained in paragraph 142 are denied.

143.    Denied as stated.  Burnham admits only that the contracts and statute cited in paragraph 143 speak for themselves.  Any and all remaining allegations contained in paragraph 143 are denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied as stated.  Burnham admits only that the contract referenced in paragraph 155 speaks for itself.  Any and all remaining allegations contained in paragraph 155 are denied.

156.    Denied as stated.  Burnham admits only that the contract referenced in paragraph 156 speaks for itself.  Any and all remaining allegations contained in paragraph 156 are denied.

157.    Denied as stated.  Burnham admits only that the records referenced in paragraph 157 speak for themselves.  Any and all remaining allegations contained in paragraph 157 are denied.

158.    Denied.

159.    Denied.

160.    Denied.

**CRAIG KINCAID**

161.    Denied.

162.    Denied as stated.  Burnham admits only that the documents referenced in paragraph 162 speak for themselves.  Any and all remaining allegations contained in paragraph 162 are denied.

163.    Denied as stated.  Burnham admits only that the documents referenced in paragraph 163 speak for themselves.  Any and all remaining allegations contained in paragraph 163 are denied.

164.    Denied as stated.  Burnham admits only that the physician order referenced in paragraph 164 speaks for itself.  Any and all remaining allegations contained in paragraph 164 are denied.

165.    Denied as stated.  Burnham admits only that the medical records referenced in paragraph 165 speak for themselves.  Any and all remaining allegations contained in paragraph 165 are denied.

166.    Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 166, therefore the allegations are denied.

167.    Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 167, therefore the allegations are denied.

168.    Denied as stated.  Burnham admits only that the documents referenced in paragraph 168 speak for themselves.  Any and all remaining allegations contained in paragraph 168 are denied.

169.    Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 169, therefore the allegations are denied.

170.    Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 170, therefore the allegations are denied.

171.    Denied as stated.  Burnham admits only that the emergency Administrative Remedy Program request referenced in paragraph 171 speaks for itself.  Any and all remaining allegations contained in paragraph 171 are denied.

**JOSHUA CLAY**

172.    Denied as stated.  Burnham admits only that the medical records referenced in paragraph 172 speak for themselves.  Any and all remaining allegations contained in paragraph 172 are denied.

173.    Denied.

174.    Denied as stated.  Burnham admits only that the Administrative Remedy Program requests  and other documents referenced in paragraph 174 speak for themselves.  Any and all remaining allegations contained in paragraph 174 are denied.

175.    Denied as stated.  Burnham admits only that the response and other documents

referenced in paragraph 175 speak for themselves. Any and all remaining allegations contained in paragraph 175 are denied.

176.    Denied as stated. Burnham admits only that the response referenced in paragraph 176 speaks for itself. Any and all remaining allegations contained in paragraph 176 are denied.

177.    Denied as stated. Burnham admits only that the emergency Administrative Remedy Program request and other documents referenced in paragraph 177 speak for themselves. Any and all remaining allegations contained in paragraph 177 are denied.

178.    Denied.

179.    Denied.

**ERIK BARNES**

180.    Denied.

181.    Denied as stated. Burnham admits only that the medical records and other documents referenced in paragraph 181 speak for themselves. Any and all remaining allegations contained in paragraph 181 are denied.

182.    Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 182, therefore the allegations are denied.

183.    Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 183, therefore the allegations are denied.

184.    Denied as stated. Burnham admits only that the medical records referenced in paragraph 184 speak for themselves. Any and all remaining allegations contained in paragraph 184 are denied.

185.    Burnham is without information sufficient to form a belief about the truth of the

allegations contained in paragraph 185, therefore the allegations are denied.

186. Burnham is without information sufficient to form a belief about the truth of the allegations contained in paragraph 186, therefore the allegations are denied.

187. Denied as stated. Burnham admits only that the sick call request forms, Administrative Remedy Program requests, Emergency Administrative Remedy Program requests, correspondence, and other documents referenced in paragraph 187 speak for themselves. Any and all remaining allegations contained in paragraph 187 are denied.

188. Denied.

**JARED EPPERSON**

189. Denied.

190. Denied as stated. Burnham admits only that the indictment and record of conviction referenced in paragraph 190 speak for themselves. Any and all remaining allegations contained in paragraph 190 are denied.

191. Denied.

192. Denied.

**EDWARD WHITE**

193. Denied.

194. Denied.

195. Denied as stated. Burnham admits only that the service request form and other documents referenced in paragraph 195 speak for themselves. Any and all remaining allegations contained in paragraph 195 are denied.

196. Denied as stated. Burnham admits only that the file referenced in paragraph 196

speaks for itself.  Any and all remaining allegations contained in paragraph 196 are denied.

197.    Denied as stated.  Burnham admits only that the request forms referenced in paragraph 197 speak for themselves.  Any and all remaining allegations contained in paragraph 197 of the complaint are denied.

198.    Denied as stated.  Burnham admits only that the Administrative Remedy Program grievance  and correspondence referenced in paragraph 198 speak for themselves.  Any and all remaining allegations contained in paragraph 198 of the complaint are denied.

### IDEA, Section 504, ADA, and State Law Violations:

### Denial of Access to Educational Services

199.    Denied as stated.  Burnham admits only that the statute referenced in paragraph 199 speaks for itself.  Any and all remaining allegations contained in paragraph 199 of the complaint are denied.

200.    Denied  as stated.  Burnham admits only that the federal statutes and regulations referenced in paragraph 200 speak for themselves.  Any and all remaining allegations contained in paragraph 200 of the complaint are denied.

201.    Denied  as stated.  Burnham admits only that the federal statutes and regulations referenced in paragraph 201 speak for themselves.  Any and all remaining allegations contained in paragraph 201 of the complaint are denied.

202.    Denied as stated.  Burnham admits only that the OCR ruling referenced in paragraph 202 speaks for itself.  Any and all remaining allegations contained in paragraph 202 of the complaint are denied.

203.    Denied as stated.  Burnham admits only that the agreement referenced in paragraph

203 speaks for itself. Any and all remaining allegations contained in paragraph 203 of the complaint are denied.

204. Denied as stated. Burnham admits only that the agreement referenced in paragraph 204 speaks for itself. Any and all remaining allegations contained in paragraph 204 of the complaint are denied.

205. Denied as stated. Burnham admits only that the report referenced in paragraph 205 speaks for itself. Any and all remaining allegations contained in paragraph 205 of the complaint are denied.

206. Denied.

207. Denied as stated. Burnham admits only that the statute referenced in paragraph 207 speaks for itself. Any and all remaining allegations contained in paragraph 207 of the complaint are denied.

208. Denied.

209. Denied as stated. Burnham admits only that the documents referenced in paragraph 209 speak for themselves. Any and all remaining allegations contained in paragraph 209 of the complaint are denied.

210. Denied as stated. Burnham admits only that the documents referenced in paragraph 210 speak for themselves. Any and all remaining allegations contained in paragraph 210 of the complaint are denied.

211. Denied.

212. Denied.

213. Burnham is without information sufficient to form a belief about the truth of the

allegations contained in paragraph 213, therefore the allegations are denied.

214.    Denied as stated.  Burnham admits only that the state laws referenced in paragraph 214 speak for themselves.  Any and all remaining allegations contained in paragraph 214 of the complaint are denied.

215.    Denied.

**JAMARIO BRADY**

216.    Denied.

217.    Denied.

**COZY SCOTT**

218.    Denied.

219.    Denied.

**LAMARCUS CURRY**

220.    Denied.

221.    Denied.

**FREDERICK WHITE**

222.    Denied.

223.    Denied.

**ERIC BALL**

224.    Denied.

225.    Denied.

**EXHAUSTION**

226.    Denied.

## CLAIMS FOR RELIEF

### First Claim

### Eighth Amendment Violations: Dangerously Violent Conditions of Confinement

The allegations in the unnumbered paragraph starting on page 55 of the complaint and beginning with "By subjecting Plaintiffs to dangerously violent..." are denied.

### Second Claim

### Eighth Amendment Violations: Protection from Harm and Deliberate Indifference to Excessive Use of Force

The allegations in the first unnumbered paragraph on page 56 of the complaint and beginning with "By exhibiting deliberate indifference..." are denied.

### Third Claim

### Eighth Amendment Violations: Punitive Isolation

The allegations in the second unnumbered paragraph on page 56 of the complaint and beginning with "By subjecting Plaintiffs to punitive..." are denied.

### Fourth Claim

### Eighth Amendment Violations: Deliberate Indifference to Plaintiffs' Serious Medical and Mental Health Needs

The allegations in the third unnumbered paragraph starting on page 56 of the complaint and beginning with "By failing to provide constitutionally..." are denied.

### Fifth Claim

### IDEA Violations: Denial of Free and Appropriate Public Education

The allegations in the first unnumbered paragraph on page 57 of the complaint and beginning

with "By failing to provide WGYCF youth..." are denied.

### Sixth Claim

### Section 504 and ADA Violations: Unlawful Denials of Educational Services

The allegations in the second unnumbered paragraph on page 57 of the complaint and beginning with "By failing to ensure that WGYCF youth..." are denied.

### Seventh Claim

### State law Violation: Denial of Educational Services

The allegations in the third unnumbered paragraph on page 57 of the complaint and beginning with "By failing to provide youth at WGYCF..." are denied.

### PRAYER FOR RELIEF

Burnham denies the allegations contained in the unnumbered paragraph starting on page 57 of the complaint and beginning with "WHEREFORE, the Plaintiffs pray..." are denied, including subparts (a) through (d), and specifically avers that plaintiffs are not entitled to any relief whatsoever.

Any and all allegations contained in plaintiffs' complaint not specifically admitted are hereby denied.

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Burnham is entitled to, and hereby formally pleads and asserts, his qualified and official immunities, both common law and statutory as well as any defenses pursuant to the Mississippi Tort Claims Act, to any and all claims alleged against him in the complaint as to both suit and liability, and regardless of whether said claims are alleged under state or federal law.

## THIRD DEFENSE

Plaintiffs' alleged injuries, if any, were not proximately caused by any action or inaction of Burnham, were the results of their own action(s) or inaction(s), and/or the action(s) or inaction(s) of third-persons for whom Burnham may not be held liable.

## FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations and/or laches.

## FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred by their lack of standing, the doctrine of mootness, because they are not ripe for judicial review, and/or are insufficient so as to warrant an award of injunctive or declaratory relief.

## SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred for failure to exhaust administrative remedies.

## SEVENTH DEFENSE

Burnham affirmatively pleads all defenses to which he is, or may become entitled to through discovery in this action, under 20 U.S.C. §§ 1400 *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. §§ 12131 *et seq.*, the Prison Litigation Reform Act, and/or any other provisions of federal or state law.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution.

## NINTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

## TENTH DEFENSE

To the extent the complaint seeks equitable relief, such claims are barred as Plaintiffs' have an adequate remedy at law.

## ELEVENTH DEFENSE

All of Plaintiffs' claims fail to meet the requirements for class status pursuant to Fed. R. Civ. P. 23.

## TWELFTH DEFENSE

Burnham affirmatively asserts all defenses which are available, or may become available through further discovery, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

FOR THESE REASONS, Defendant Dr. Tom Burnham, in his official capacity as Superintendent of the Mississippi State Department of Education, respectfully requests that his answer and defenses to the Plaintiffs' complaint be received and moves the Court for dismissal of the complaint with prejudice, at Plaintiffs' sole cost.

RESPECTFULLY SUBMITTED, this the 5th day of December, 2011.

DR. TOM BURNHAM, Defendant

BY:    JIM HOOD, ATTORNEY GENERAL
       STATE OF MISSISSIPPI

BY:    _____*/s/ Wilson Minor*_____
       Wilson Minor (Bar No. 102663)
       Office of the Attorney General
       P.O. Box 220
       Jackson, MS 39205
       Telephone: (601) 359-3680
       Facsimile: (601) 359-2003
       wmino@ago.state.ms.us

       *Attorney for Dr. Tom Burnham, in his official*
       *capacity as Superintendent of the Mississippi*
       *State Department of Education*

<u>**CERTIFICATE OF SERVICE**</u>

I, Wilson Minor, Special Assistant Attorney General for the State of Mississippi, do hereby

certify that on this date I caused to be electronically filed the foregoing ***Answer and Defenses of Dr.***

***Tom Burnham, in his Official Capacity as Superintendent of the Mississippi State Department***

***of Education*** with the Clerk of the Court using the ECF system which sent notification of such filing

to the following:

Sheila A. Bedi
Mississippi Youth Justice Project
921 N. President Street, Suite B
Jackson, MS 39202

Jody E. Owens, II
Southern Poverty Law Center - Jackson
921 North President Street, Suite B
Jackson, MS 39202

Robert B. McDuff
767 N. Congress Street
Jackson, MS 39202

Margaret Winter
The National Prison Project of the ACLU Foundation, Inc.
915 15th St., N.S., 17th Floor
Washington, DC 20005

Lee Thaggard
Hammack Barry Thaggard & May
P. O. Box 2009
Meridian, MS 39302-2009

Walter T. Johnson
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

Justin L. Mathey
Special Assistant Attorney General
Mississippi Attorney General's Office
P. O. Box 220
Jackson, MS 39205-0220

THIS the 5th day of December, 2011.

_/s/ Wilson Minor_
Wilson Minor