Memorandum of Agreement
Mental Health—Youthful Offender Unit

## I. INTRODUCTION

(A)  This Memorandum of Agreement ("MOA") between the certified class of Plaintiffs described in subsection (G) below and the Christopher Epps, in his official capacity as Commissioner of the Mississippi Department of Corrections ("MDOC") resolves litigation concerning the mental health claims in <u>C.B., et al. v. Walnut Grove Correctional Authority, et al.</u>, case number 3:10cv663 (S.D. Miss.). A separate settlement agreement between the parties, that the parties will seek to have the Court enter as a Consent Decree, addresses other topics agreed to between the parties. This litigation concerns conditions of confinement at the Walnut Grove Youth Correctional Facility ("WGYCF") *(as described in* Miss. Code Ann. § 47-5-943 (Rev. 2007)). This MOA refers to actions and inactions that will be undertaken by Commissioner Epps, his staff and contractors under his direction. For ease of reference only, this MOA refers to "MDOC" through this Agreement. The Parties intend for this Agreement to bind Commissioner Epps and his assigns.

The terms of this MOA apply only to the Youth Offender Unit ("YOU") to be established at the Central Mississippi Correctional Facility. Except for any youth who is age 17 and under and who is removed from the YOU pursuant to Section IV(A)(3) in the accompanying Consent Decree, the terms of this MOA do not follow a Plaintiff who is transferred, discharged, or otherwise leaves the YOU.

(B)  In order to resolve the mental health claims in this litigation, the parties have entered into this MOA.

(C)  This MOA does not constitute an admission of liability by MDOC.

(D)  This MOA is not intended to have any preclusive effect except between the parties.

(E)  Nothing in this MOA will prevent the State of Mississippi and/or MDOC from modifying the mission of or closing WGYCF, or developing alternative community placements for the persons currently in the facility as set forth herein.

(F)  Individuals who are not class members are not third party beneficiaries of this agreement.

(G)  The parties will jointly request that the Court enter an order certifying a sub-class comprised of 1) all male youth who are ages 17 and under and who are now or in the future will be housed in a Mississippi Department of Corrections prison and who live with a serious mental illness, and 2) all male youth who are ages 18 and 19 and who will be housed in the YOU who live with a serious mental illness, referred to in this MOA as "Plaintiffs," "prisoners," or "youth." The terms of this MOA apply only to this subclass.

## II. CARE REQUIRED BY THE CONSTITUTION

The purpose of this MOA is to protect the rights of Plaintiffs to constitutionally adequate mental health care. The terms and requirements of this MOA will be interpreted to be consistent with the remedial measures necessary to protect these rights, and consistent with applicable federal law.

## III. MENTAL HEALTH CARE

1) MDOC will provide youth with adequate, appropriate, and timely mental health care to meet their individualized needs, including the treatment of acute and chronic conditions. Those youth housed at the YOU who are determined by a psychiatrist to require an in-patient level of mental health care may be assigned to a medical unit where they will be able to receive such treatment.

2) MDOC will comply with and will ensure that any relevant contractors comply with the National Commission on Correctional Healthcare Standards for Youth Detention and Confinement Facilities and Mental Health Services in Correctional Facilities, and will ensure that their policies and procedures are fully consistent with these standards.

3) MDOC will develop and implement policies and procedures to ensure that adequate mental health services are provided by qualified mental health professionals using evidence-based, generally accepted treatment approaches.

4) MDOC will ensure that every youth imprisoned at the YOU who 1) has attempted suicide or engaged in self-harming behavior within the last year, 2) has stated that he was previously diagnosed with a mental illness, and / or 3) has a history of institutionalization in mental health facilities will receive a comprehensive mental health evaluation. Youth who are diagnosed with chronic mental health issues will receive individualized mental health treatment plans. The plans will comport with generally accepted treatment approaches. The care provided will include individualized multidisciplinary treatment plans based on assessments of the patients' needs, and statements of short- and long-term goals and the methods by which these goals will be pursued. When clinically indicated, and in light of consultation between mental health and security staff, the treatment plans will give patients access to the range of treatment, supportive, and rehabilitative services (such as individual and group counseling, psychiatric rehabilitation programs, and self-help groups) that mental health specialists deem appropriate.

5) Each youth placed in a single cell unit located at Central Mississippi Correctional Facility pursuant to Section IV(A)(3) of the Consent Decree, and youth placed in cell confinement pursuant to Section IV(C) of the Consent Decree, will receive an individualized treatment plan that will include any treatment, supportive, and rehabilitative services (such as individual and group counseling, psychiatric rehabilitation programs, and self-help groups) that mental health specialists deem appropriate.

6) Within 90 days of the execution of this agreement, MDOC will develop and implement policies and procedures, and will develop and implement a staffing plan, to ensure that adequate mental health services are provided by adequate numbers of qualified mental health professionals using evidence based, generally accepted treatment approaches.

### IV. IMPLEMENTATION AND MONITORING

7) Within 90 days of the Court's approval of this MOA, MDOC expert James Austin and Plaintiffs' expert Paul DeMuro will collaborate in a non-binding manner with MDOC to promulgate the policies, procedures, and staffing plans necessary to effectuate this MOA. Plaintiffs' counsel will compensate Paul DeMuro for expenses related to drafting the policies, procedures and plans only and that expense will not be the responsibility of MDOC. MDOC retains the final authority over the content, drafting, and wording of the policies and staffing plans, as long as the policies and plans are consistent with the terms of this MOA. Once drafted, MDOC will submit the draft policies and plans to Plaintiffs' counsel. Plaintiffs' counsel will promptly notify MDOC of any objections, with an explanation as to how the draft is inconsistent with the terms of this MOA, and will suggest revisions. MDOC will revise policies, procedures, plans, and other written documents as necessary to conform with the terms of this MOA. If either party is unsatisfied with the resolution, either party may invoke the assistance of the magistrate judge for mediation. If mediation fails, Plaintiffs may re-instate the Complaint.

8) The parties agree to the appointment of James Austin and Paul DeMuro as monitors responsible for tracking compliance with the terms of this MOA. The monitors may, if asked by MDOC, provide technical assistance to MDOC to promote compliance with the terms of this MOA. The monitors will be responsible for submitting reports to counsel every four months following the establishment of the YOU as specified in Section III of the Consent Decree. The monitors will provide their reports in draft form to the parties for comments at least two weeks before issuance. Should both of the monitor positions become vacant and the parties are unable to agree on a replacement, the parties will recommend candidates to the magistrate judge and the parties agree to accept the candidate chosen by the magistrate judge. The reasonable cost for the experts' fees and expenses related to monitoring will be borne by MDOC.

### V. ACCESS

9) The monitors and Plaintiffs' counsel, with advance notice, will have full and complete access to the YOU, to all facility records, and to staff (who will be directed to cooperate with the experts and Plaintiffs' counsel), as well as to all subclass members. State attorneys may be present at interviews of staff and tours of facilities. The experts and Plaintiffs' counsel will comply with all applicable federal and state laws with regard to confidentiality of such records and information.

## VI. ENFORCEMENT AND TERMINATION

10) If Plaintiffs believe that MDOC has substantially failed to comply with any obligation under this MOA, Plaintiffs' counsel will give written notice of that failure to MDOC. The parties will conduct good faith discussions to resolve the dispute. If the parties are unable to reach agreement within 7 days of Plaintiffs' written notice, the parties will submit the dispute to mediation before the magistrate judge who is assigned to this case. The parties will attempt in good faith to mediate the dispute for a period of 21 days with the magistrate judge. The terms of this MOA are not subject to state or federal court enforcement other than the reinstatement of those paragraphs of the Complaint that this MOA settled. If MDOC has substantially failed to comply with any obligation under this agreement, Plaintiffs may reinstate the mental health provisions of the Complaint. In the case of an emergency posing an immediate threat to the health or safety of the individuals housed at YOU, Plaintiffs' counsel may omit the notice and cure requirements herein (including the provision regarding mediation) before reinstating the Complaint. All Plaintiffs are bound by this MOA, and a Plaintiff or Plaintiffs may not initiate a legal action asserting claims contained within the Complaint filed in cause number 3:10cv663 (S.D. Miss.) as long as this MOA is in effect. Nothing in this MOA bars a member of the Plaintiff class from bringing an individualized suit seeking damages or prospective relief under state and/or federal law. Only class counsel may seek to enforce the terms of this MOA.

11) In the event that Plaintiffs reinstate the Complaint, the parties agree that this case will proceed expeditiously. To that end, the parties agree to the following procedures for reinstatement:

   a. Plaintiffs will file a Notice of Re-instatement and an Amended Complaint.
   b. Within 20 days of Plaintiffs' filing, Defendants will file a responsive pleading.
   c. The case management conference, unless stayed by court order, will occur within 35 days of Plaintiffs' filing or at the earliest date that is convenient for the court.

12) This MOA will terminate five years from the date it is executed, unless the Complaint is reinstated as referenced above. When the MOA is terminated, all claims pertaining to mental health in case number 3:10cv663 (S.D. Miss.) will be dismissed without prejudice. The MOA may also terminate earlier than five years from the date it is executed if the magistrate judge determines that MDOC has substantially complied with each of the provisions of this MOA and has continuously maintained substantial compliance for at least two years. Noncompliance with mere technicalities, or a brief lapse in compliance during a period of otherwise sustained compliance, will not constitute failure to maintain substantial compliance.

Executed the 1st day of February, 2012

Agreed:

_____
Sheila A. Bedi, Miss. Bar No. 101652
Southern Poverty Law Center
4431 Canal Street
New Orleans, LA 70119

Margaret Winter (*pro hac vice*)
The National Prison Project of
the ACLU Foundation, Inc.
915 15th Street, N.W., Seventh Floor
Washington, D.C. 20005

Robert B. McDuff, Miss. Bar. No. 2532
767 North Congress Street
Jackson, Mississippi 39202
**For the Plaintiffs**

_____
Commissioner Christopher B. Epps
Mississippi Department of Corrections
723 North President Street
Jackson, MS 39202
**For the Defendant**