UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| C.B. by and through his next friend, Charleston DePriest, et al. )<br>)<br>      **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**WALNUT GROVE CORRECTIONAL** )<br>**AUTHORITY, et al.** )<br>)<br>      **Defendants.** )<br>_____) | Civil Action No. 3:10cv663-CWR-FKB |

**PLAINTIFFS' REPLY BRIEF IN SUPPRT OF MOTION FOR ENFORCEMENT AND MODIFICATION OF CONSENT DECREE**

Defendants' sole response to Plaintiffs' August 6, 2014 motion is that "the Court has scheduled an evidentiary hearing on the matters raised by Plaintiffs, [and thus] only the scheduled hearing and post-hearing briefs can generate the result." Defendants do not in any way address (let alone dispute) Plaintiffs' statement of the applicable law governing modification of consent decrees.

Plaintiffs agree with Defendants that the *facts* in this case, and any appropriate remedy that might be necessary in light of the facts, can be resolved only by an evidentiary hearing. There is no reason, however, why Defendants cannot respond now to Plaintiffs' statement of the facts and also to the relevant law regarding the standards for modification of consent decrees.

The Court notified Defendants at the August 7, 2014 status conference in this case that it was staying briefing on Plaintiffs' Motion until after the Monitors submitted their 5th Report, at which time Plaintiffs were to notify the Court whether they intended to proceed with their Motion. Plaintiffs timely notified the Court and Defendants on November 6, 2014 that they did intend to proceed. The Court thereupon scheduled a status conference for January 8, 2015 for

the purpose of establishing a scheduling order including deadlines for Defendants' response to Plaintiffs' motion. At the January 8 status conference the Court did enter a scheduling order, including dates for Defendants' response to Plaintiffs' Motion, and Plaintiffs' reply.

Of course, the facts in this case will be further developed by both sides at the evidentiary hearing, there may be further briefing on the substantive law governing failure to protect and excessive force and no decision on appropriate remedies can be made until after hearing. But Plaintiffs should have the benefit of Defendants' current statement of the facts and the law regarding modification of consent decrees– which Defendants have had months to develop since the filing of Plaintiffs' August 6, 2014 motion. Given the Defendants' failure to respond, the Court should assume that the Defendants do not dispute those portions of the Plaintiffs' memorandum.

Dated this 2nd day of February, 2015.

Respectfully submitted,

s/Margaret Winter
Margaret Winter
National Prison Project of ACLU
915 15th Street, NW, 7th Floor
Washington, DC 20005
Phone: (202) 393-4930
Fax: (202) 393-4931
mwinter@npp-aclu.org

(admitted *pro hac vice*)

/s/Jennie Eichelberger
Jody Owens, II, MSB No. 102333
Jennie Eichelberger, MSB102522
Southern Poverty Law Center
111 East Capitol Street, Suite 280
Jackson, Mississippi 39201
(601) 948-8882 (phone)
(601) 948-8885 (fax)
jody.owens@splcenter. Org
jennie.eichelberger@splcenter.org

>Robert B. McDuff
>Jacob W. Howard
>McDuff & Byrd
>767 N. Congress
>Jackson, MS
>Phone: (601) 969-0802
>Fax: (601) 969-0804
>rbm@mcdufflaw.com
>jake@mcdufflaw.com

## **CERTIFICATE OF SERVICE**

I, Jennie Eichelberger, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

SO CERTIFIED, this 2nd day of February, 2015.

>/s/Jennie Eichelberger
>Jennie Eichelberger