IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLTON DEPRIEST, ET AL.                                              PLAINTIFFS

v.                                              Civil Action No. 3:10-cv-663(CWR)(FKB)

WALNUT GROVE CORRECTIONAL
AUTHORITY, ET AL.                                                      DEFENDANTS

---

**MEMORANDUM IN SUPPORT OF MOTION TO TERMINATE PROSPECTIVE
RELIEF GRANTED AND ORDERED BY THE COURT'S APPROVAL OF THE
CONSENT DECREE**

---

## I.     INTRODUCTION

This matter originally was resolved on March 26, 2012 when this Court approved and ordered prospective relief through the entry of a Consent Decree.[1] While Plaintiffs' recent motion for enforcement and modification of the Decree seeks to reopen the case, the motion espouses only flawed legal standards and provides no basis for the grant of the requested relief. The motion also amounts only to a non-starter because the prospective relief provided by the Decree should be terminated at this time pursuant to the Prison Litigation Reform Act ("PLRA"). Termination is appropriate because the Decree no longer is necessary to correct a current and ongoing violation of any federal right. Defendant, therefore, invokes 18 U.S.C. § 3626(b)(1) of

---

[1] *See* Consent Decree, Docket Entry No. [75-3]. Defendant is moving to terminate only the Consent Decree directed at Walnut Grove, and not the separate Consent Decree governing the YOU facility (Docket Entry No. [75-1]).

1

the PLRA[2] as a means of terminating the Decree, in whole or in part, and requests that this Court consolidate the pending motions and continue the evidentiary hearing.[3]

## II. PROCEDURAL HISTORY LEADING TO THIS TERMINATION MOTION

This litigation began five years ago, with a federal complaint filed by Plaintiffs on November 16, 2010. *See Complaint, Docket Entry No. [1]*. After months of investigation and lengthy negotiations, a Consent Decree was approved and ordered by this Court on March 26, 2012. *See Consent Decree, Docket Entry No. [75-3]*. Pursuant to the Consent Decree, monitors were appointed for the purpose of tracking compliance with the terms of the Decree. *See id. at § IV, ¶ 1*. The monitors are responsible for submitting reports to counsel every four months. *See id.* This procedure outlined by the Decree has been followed, and the monitors now have submitted a total of six separate reports. *See Monitors' Sixth Report, Docket Entry No. [121]*.

On August 6, 2014, Plaintiffs filed a motion to enforce and modify the Consent Decree, and they filed their updated memorandum in support on January 13, 2015. *See Motion, Docket Entry No. [106]; Amended Memorandum, Docket Entry No. [115]*. After Plaintiffs filed their motion, the Court set an evidentiary hearing for April 1, 2015. Recently, the monitors submitted their Sixth Report to counsel, and it was filed with the Court on March 6, 2015. *See Monitors' Sixth Report, Docket Entry No. [121]*.

Because there are no current and ongoing violations of any federal right, and in light of Plaintiffs' motion to enforce and modify, Defendant files the instant motion to terminate the prospective relief approved and ordered by the Court in the Consent Decree. In filing this motion to terminate, Defendant invokes the procedures set forth in 18 U.S.C. § 3626(e)

---

[2] Out of an abundance of caution, Defendant also urges this motion pursuant to Federal Rule of Civil Procedure 60. While § 3626(b)(1) is the appropriate statutory vehicle for termination of the Decree, as discussed in more detail *infra*, Defendant also moves under Rule 60 purely as an alternative argument.

[3] Defendant simultaneously is filing a separate Motion for Hearing and to Consolidate and Continue the evidentiary hearings.

governing motions affecting prospective relief and requests that the Court set a pre-termination evidentiary hearing pursuant to § 3626(b). Because an evidentiary hearing already has been scheduled on Plaintiffs' motion, Defendant requests the Court consolidate and continue the two hearings.[4]

Consolidating the hearings and providing a continuance is not only logical, but prudent. Plaintiffs' motion to modify triggers the prospective relief provisions of the PLRA. *See* 18 U.S.C. § 3626(a). Given this, and as discussed in more detail below, many, but not all, of the issues raised by Defendant's termination motion already are before the Court in the motion to modify. Consolidation will, therefore, expedite the resolution of some of the pending matters. Yet, a continuance of the consolidated hearings is necessary due to the issues not presently before the Court. Defendant is moving to terminate the Consent Decree *in whole* (and/or in part), which includes the portions of the Decree directed at medical care.[5] Medical care, however, is not an issue raised by Plaintiffs' current motion. To fully resolve the pending motions, then, Defendant respectfully requests a continuance so that all issues may be presented to the Court at one time, instead of only in piecemeal.

### III. ARGUMENT AND ANALYSIS

**A. Background of the Prison Litigation Reform Act.**

Congress enacted the PLRA in 1996 to offset the steep increase in prison litigation lawsuits filed in the federal court system. *Woodford v. Ngo,* 548 U.S. 81, 114, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) ("The PLRA contains a variety of provisions to bring this [prison

---

[4] As a point of clarity, Defendant waited to file the instant Motion until after the Monitors could complete their Sixth Report, which occurred the week prior to the filing of this motion, to allow the parties to be acting on current and complete information.

[5] While Defendant seeks to terminate in whole the prospective relief ordered and approved in the pertinent Consent Decree concerning Walnut Grove, Defendant notes that the mental health claims are not part of any consent decree but are in a separate, non-court enforceable Memorandum of Agreement. *See* Docket Entry No. [75].

condition] litigation under control."). As noted by the court in *United States v. Territory of the Virgin Islands*, 884 F. Supp. 2d 399 (D.V.I. 2012), the PLRA sponsors "criticized 'judicial orders entered under Federal law [which] have effectively turned control of the prison system away from elected officials accountable to the taxpayer, and over to the courts.'" *Id.* at 406-07 (citing 141 CONG. REC. S144189 (daily ed. Sept. 27, 1995) (remarks of Sen. Abraham.)).

"In response to these types of concerns, the PLRA was enacted to require that remedies in prison condition lawsuits 'do not go beyond the measures necessary to remedy federal rights violations,' H.R. Rep. No. 104–378, at 166 (1995), but rather are limited to the minimum necessary to correct the violation of the federal right." *Id.* at 24 n. 2. *See, e.g., Miller v. French,* 530 U.S. 327, 328, 120 S. Ct. 2246, 147 L. Ed. 2d 326 (2000) (explaining that "curbing the equitable discretion of district courts was one of the PLRA's principal objectives. . . ."); *Gilmore v. California,* 220 F.3d 987, 991 (9th Cir. 2000) ("It is clear that Congress intended the PLRA to revive the hands-off doctrine," the former "rule of judicial quiescence" that the federal judiciary not be involved with the problems of state-run prisons.); *Inmates of Suffolk Cnty. Jail v. Rouse,* 129 F.3d 649, 655 (1st Cir. 1997) ("Congress passed the PLRA in an effort, in part, to oust the federal judiciary from day-to-day prison management."); *Plata v. Brown*, 754 F.3d 1070, 1073 (9th Cir. 2014) (To address what Congress perceived as judicial micro-management of the nation's prisons, *see Gilmore v. California,* 220 F.3d 987, 996–97 (9th Cir. 2000), the PLRA established standards for the entry, enforcement, and termination of remedial relief in prison litigation, *Miller v. French,* 530 U.S. 327, 331, 120 S. Ct. 2246, 147 L. Ed. 2d 326 (2000.")).

**B.     The Prison Litigation Reform Act Requires Termination of the Consent Decree.**

The starting point for this analysis is the approval and order of prospective relief in the Consent Decree. Section 3626(c) of the PLRA governs consent decrees entered in prison condition cases. Such decrees must comply with the provisions set forth under Section 3626(a),

which contains the PLRA's directives on the entry of prospective relief. On the other hand, termination of prospective relief is controlled by 3626(b).

Defendant discusses each of these separate provisions in turn, with termination under Subsection (b) being appropriate for the prospective relief ordered and approved under Subsection (a) through the 2012 Consent Decree.

### i. *Consent Decrees Entered or Approved Pursuant to the PLRA.*

Consent decrees constitute one of the two forms of settlements addressed by the PLRA. The PLRA's specific provision regarding settlements reads as follows:

> **(c) Settlements.—**
>
> **(1) Consent decrees.**--In any civil action with respect to prison conditions, the court shall not enter or approve a consent decree unless it complies with the limitations on relief set forth in subsection (a).
>
> **(2) Private settlement agreements.--(A)** Nothing in this section shall preclude parties from entering into a private settlement agreement that does not comply with the limitations on relief set forth in subsection (a), if the terms of that agreement are not subject to court enforcement other than the reinstatement of the civil proceeding that the agreement settled.

18 U.S.C.A. § 3626(c). Per the explicit language of the PLRA, consent decrees in general must comply with the PLRA's limitations on prospective relief.

The Consent Decree approved and entered by this Court is consistent with this point. The Consent Decree first explicitly notes that it is a form of "prospective relief." *See Consent Decree, Section IV, ¶ 4, Docket Entry No. [75-3]*. Second, the Decree provides that "all terms and conditions . . . will be construed in accord with federal law, including the Prison Litigation Reform Act." *Id.*[6] While this Court may have found the requirements of Subsection (a)

---

[6] This Court's Order approving and ordering the relief set forth in the Consent Decree also notes that nothing "alters the requirements of the Prison Litigation Reform Act." *See* Order, Docket Entry No. [75], ¶ 11.

satisfied in 2012, those findings no longer hold true, and termination is required under Subsection (b).[7]

###### ii. *The PLRA's Directives on Prospective Relief.*

Before delving into an analysis of why the relief in the Decree must be terminated at this time, Defendant briefly discusses the portion of the PLRA already pending before the Court due to Plaintiffs' motion to modify. The relief requested in the modification motion is "prospective relief" under 18 U.S.C. § 3626(a).[8] *See, e.g., Lancaster v. Tilton*, No. C79-01630 WHA, 2007 WL 1807825, at *1-5 (N.D. Cal. June 21, 2007); *United States v. Territory of the Virgin Islands*, 884 F. Supp. 2d 399, 408-09 (D.V.I. 2012). Indeed, the explicit language of the statute is conclusive on this, as the PLRA defines "prospective relief" as "<u>all relief</u> other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7). "Relief," in turn, is "all relief in any form that may be granted or approved by the court, and includes consent decrees but does not include private settlements." 18 U.S.C. § 3626(g)(9).

Specifically, Subsection (a) of § 3626 reads as follows:

**(a) Requirements for relief.—**

**(1) Prospective relief.--(A)** Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of <u>the Federal right</u> of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is <u>narrowly</u>

---

[7] *See, e.g., Cason v. Seckinger*, 231 F.3d 777, 783 (11th Cir. 2000) (discussing the <u>new</u> findings to be made under the PLRA's termination provisions).

[8] Of course, separately from modification, this Court retains inherent authority to enforce the Consent Decree. *See United States v. Territory of the Virgin Islands*, 884 F. Supp. 2d 399, 408-09 (D.V.I. 2012). This is in part because enforcement alone, by its very nature, is not "prospective relief." However, and as discussed *infra*, in light of Defendant's Motion to Terminate, the issue is no longer one of simple compliance with the Consent Decree. The issue, instead, is whether Plaintiffs can demonstrate a current and ongoing violation of a federal right and meet the PLRA's so-called "narrowness-need-intrusiveness" test under § 3626(b)(3). *See, e.g., Hadix v. Caruso*, 420 F. App'x 480, 489 (6th Cir. 2011) ("[I]n light of our determination that the district court did not err in concluding that there was no longer an ongoing violation of the Eighth Amendment, we need not address the plaintiffs' argument that the district court erred in failing to modify or find a breach of the Consent Decree.").

> drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626 (emphasis added). As is clear from the statutory text, to meet § 3626(a), the Court must <u>first</u> find a violation of a "Federal right," and <u>second</u>, must ensure that any such relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal Right." 18 U.S.C. § 3626(a)(1)(A) (this second prong is commonly referred to as the PLRA's "narrowness-need-intrusiveness" test).[9]

In cases where Plaintiffs have moved for either enforcement or modification of a decree, it is especially appropriate for defendants to move to terminate when the argument to be advanced by the defendants concerns the absence of a constitutional violation. In fact, some courts have gone so far as to question defendants as to why they did not move to terminate. *See, e.g., Lancaster v. Tilton*, 2007 WL 1807825 (N.D. Cal. 2007). This is, at least in part, because to get prospective relief through modification, Plaintiffs must prove a violation of a federal right and, in the Fifth Circuit, after a motion to terminate is filed under § 3626(b)(1)(A), Plaintiffs carry the same substantive burden under § 3626(b)(3).

### iii. *Termination Pursuant to the PLRA.*

The PLRA provides a specific statutory provision directed at termination of prospective relief, in this case the relief ordered and approved through the Consent Decree.

That provision reads as follows:

**(b) Termination of relief.—**

---

[9] It also is referred to as the "need-narrowness-intrusiveness" test. *See, e.g., Cason v. Seckinger*, 231 F.3d 777, 784 (11th Cir. 2000).

> **(1) Termination of prospective relief.--(A)** In <u>**any civil action**</u> with respect to prison conditions in which prospective relief is ordered, such relief **<u>shall be terminable</u>** upon the motion of any party or intervener--
>
> *(i) <u>2 years</u> after the date the court granted or approved the prospective relief*;
>
> **(ii)** 1 year after the date the court has entered an order denying termination of prospective relief under this paragraph; or
>
> **(iii)** in the case of an order issued on or before the date of enactment of the Prison Litigation Reform Act, 2 years after such date of enactment.
>
> **(B)** Nothing in this section shall prevent the parties from agreeing to terminate or modify relief before the relief is terminated under subparagraph (A).
>
> **(2) Immediate termination of prospective relief.**--In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.
>
> **(3) Limitation.**--Prospective relief shall not terminate if the court makes written findings based on the record that <u>prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation</u>.

18 U.S.C.A. § 3626(b) (emphasis supplied); *Ruiz v. United States*, 243 F.3d 941, 943 (5th Cir. 2001) ("Under the PLRA, federal courts may grant or terminate prospective relief in prison litigation, subject to delineated standards. [ ] Courts may refuse to terminate prospective relief only upon making specific findings regarding the continued necessity of such relief."); *Guajardo v. Texas Dep't of Criminal Justice*, 363 F.3d 392, 394 (5th Cir. 2004) ("Institutional consent decrees are not intended to operate in perpetuity . . . The PLRA strongly disfavors continuing relief through the federal courts; indeed, its fundamental purpose was to extricate them from managing state prisons . . . The PLRA provides three methods for terminating such consent

decrees: (1) the passage of time . . .") (internal quotations removed); *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 354 (5th Cir. 2001).

The instant motion to terminate is urged pursuant to § 3626(b)(1)(A)(i). Under Section 3626(b)(1)(A)(i), relief "shall be terminable" two years after the Court granted or approved the relief. Here, the Consent Decree was approved on March 26, 2012. *See Consent Decree, Docket Entry No. [75-3]*. Because two years have passed since the Court's order and approval of the Decree, the relief provided "shall be terminable" upon the filing of this motion.

There is, however, a limitation on termination in § 3626(b)(3). Under § 3626(b)'s burden-shifting framework, Plaintiffs must prove the substantive requirements of § 3626(b)(3), while Defendant must prove the appropriate passage of time (*i.e.*, two years) pursuant to §3626(b)(1)(A)(i). The Fifth Circuit's case of *Guajardo v. Texas Dep't of Criminal Justice*, 363 F.3d 392, 395-96 (5th Cir. 2004) is instructive on these respective burdens under §3626(b)(1)(A) and § 3626(b)(3).

> In *Guajardo*, the court explained as follows:
>
> TDCJ, in seeking termination, must initially establish the requisite passage of time. 18 U.S.C. § 3626(b)(1)(iii) (relief terminable upon motion of any party, but "in the case of an order issued ... before the date of enactment of the [PLRA], 2 years after such date of enactment"). As held by most courts, the burden of proof then shifts to the prisoners to demonstrate ongoing violations and that the relief is narrowly drawn. 18 U.S.C. § 3626(b)(3). *See Laaman,* 238 F.3d at 20; *Ruiz v. Johnson,* 154 F.Supp.2d 975, 984 n. 12 (S.D.Tex.2001) (observing that constitutional violations were found where prisoners met their burden of proof); *Imprisoned Citizens Union v. Shapp*, 11 F.Supp.2d 586, 604 (E.D.Pa.1998), *aff'd sub nom. Imprisoned Citizens Union v. Ridge*, 169 F.3d 178 (3d Cir.1999) (holding PLRA not unconstitutional for placing on prisoners burden for proving ongoing violations).
>
> We agree with the great majority of courts to address this issue: a plain reading of the PLRA, including its structure, imposes the burden on the prisoners. Section 3626(b)(3) places a limitation on the termination of prospective relief under a consent decree if the court makes the requisite written findings based on the record; but the burden of proof to support these findings is obviously on the party

opposing termination. Accordingly, that burden was allocated correctly to plaintiffs.

363 F.3d at 395-96; *see also, e.g., United States v. Territory of the Virgin Islands*, 884 F. Supp. 2d 399, 415 (D.V.I. 2012) (citing *Guajardo* and noting that the prisoner-plaintiffs bore "the burden of proving the existence of a 'current and ongoing violation of a Federal right' under § 3626(b)(3).").

As noted by the Fifth Circuit and other courts, the PLRA itself supports this result by providing that relief is "terminable" after the requisite passage of time. Before the relief is "terminable," *i.e.*, prior to the expiration of two years after the court's imposition of such relief or one year after the court's denial of a prior termination motion, the PLRA permits any party to seek termination "to the extent that . . . termination would otherwise be legally permissible." 18 U.S.C. § 3626(b)(4). Accordingly, under the language of the PLRA and the *Guajardo* reading, termination under § 3626(b)(1)(A) is the default, while extension under § 3626(b)(3) is the exception.

By filing this motion two years after the date the prospective relief was approved, Defendant has satisfied its burden under § 3626(b)(1)(A)(i). The burden thus shifts to Plaintiffs to prove why the Consent Decree should not terminate under § 3626(b)(3). To meet this burden under Subsection (b)(3), Plaintiffs must prove the following: (i) "a current and ongoing violation of the Federal right", <u>and</u> (ii) that relief ordered to "correct" the federal violation is "necessary . . . narrowly drawn and the least intrusive means to correct the violation." *See id.*; *see also, e.g., Ruiz v. United States*, 243 F.3d 941, 950-51 (5th Cir. 2001); *Hadix v. Caruso*, 420 F. App'x 480, 485 (6th Cir. 2011); *Bey v. Keen*, No. 1:CV-12-00732, 2012 WL 5051924, at *3 (M.D. Pa. Oct. 18, 2012); *Mounts v. Suthers*, No. 99-CV-01167-LTB, 2012 WL 3245952, at *2 (D. Colo. Aug. 7, 2012); *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008); *Cason v. Seckinger*, 231 F.3d

777, 783 (11th Cir. 2000). This is a burden Plaintiffs will not be able to carry. Indeed, Plaintiffs will fail at the first step (and second step) of the analysis, as there is not a "current and ongoing" violation of the Eighth Amendment (or any other federal right) at Walnut Grove for which the prospective relief ordered and approved in the Consent Decree remains necessary to correct.

What constitutes a "current and ongoing" violation under the PLRA is the subject of several legal opinions, and the courts are uniform in their analysis. Current and ongoing violations are <u>not</u> violations that occurred in the past, or purported violations that may occur in the future. To the contrary, the Fifth Circuit has held that a "'current and ongoing' violation is one that exists at the time the district court conducts the § 3626(b)(3) inquiry." *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 353-54 (5th Cir. 2001); *see also Cason v. Seckinger,* 231 F.3d 777, 784 (11th Cir. 2000); *Hadix v. Johnson,* 228 F.3d 662 (6th Cir. 2000) (stating that "the PLRA directs a district court to look to current conditions"); *Para-Prof'l Law Clinic at SCI-Graterford v. Beard*, 334 F.3d 301, 304-05 (3d Cir. 2003) ("We conclude that the plain meaning of the words 'current and ongoing' used in the PLRA does not encompass future violations."); *Benjamin v. Jacobson,* 172 F.3d 144, 166 (2d Cir. 1999); *Imprisoned Citizens Union v. Ridge,* 169 F.3d 178, 190 (3d Cir. 1999) ("Mere speculation that Defendants might refuse to honor alleged contractual obligations is insufficient to support a finding of 'current and ongoing violations of [a] Federal right.'").

This interpretation of the statute is supported by the statute's history. As originally enacted in 1996, Section 3626(b)(3) provided that courts could avoid termination if the record showed a current *or* ongoing violation. In 1997, the section was amended to require a current *and* ongoing violation. The House of Representatives Conference Report explains the reason for the change as follows:

11

> The provision also includes a change in subsection (b)(3) that corrects the confusing use of the word "or" to describe the limited circumstances when a court may continue prospective relief in prison conditions litigation to make clear that a constitutional violation must be "current and ongoing." <u>These dual requirements are necessary to ensure that court orders do not remain in place on the basis of a claim that a current condition that does not violate prisoners' Federal rights nevertheless requires a court decree to address it, because the condition is somehow traceable to a prior policy that did violate Federal rights, or that government officials are "poised" to resume a prior violation of federal rights</u>. If an unlawful practice resumes or if a prisoner is in imminent danger of a constitutional violation, the prisoner has prompt and complete remedies through a new action filed in State or Federal court and preliminary injunctive relief.

H.R. Conf. Rep. No. 105–405, at 133 (1997). Therefore, to make the required finding of a current and ongoing violation of a Federal right as required by § 3626(b)(3), a court must look at the conditions in the jail at the time termination is sought, not at conditions that existed in the past or at conditions that may possibly occur in the future. *See, e.g., Lancaster v. Tilton*, No. C 79-01630WHA, 2007 WL 4570185, at *6 (N.D. Cal. Dec. 21, 2007) ("Termination of certain consent decree provisions does not mean that prison conditions will deteriorate. Rather, it means that prison professionals, rather than a federal judge, will supervise the prison. If it develops that the professionals fail and violate constitutional standards, then fresh injunctive relief may be sought by prisoners.").

The issue presented also is not whether the Defendant has complied perfectly with the Consent Decree. *See, e.g., Plyler v. Moore,* 100 F.3d 365, 370 (4th Cir. 1996) (violation of provision of consent decree is not the equivalent of violation of "federal right."). That is, for purposes of the PLRA's prospective relief provisions, "'federal rights' are limited to those rights created by federal law." *Benjamin v. Kerik,* 102 F.Supp.2d 157, 173 (S.D.N.Y. 2000) (quoting *Thompson v. Gomez,* 993 F. Supp. 749, 754 (N.D. Cal. 1997), *rev'd on other grounds, Gilmore v. California,* 220 F.3d 987 (9th Cir. 2000)); *Ruiz v. United States*, 243 F.3d 941, 943 (5th Cir. 2001); *Hadix v. Caruso*, 420 F. App'x 480, 485 (6th Cir. 2011) ("[T]he relevant inquiry is *not*

whether the defendants are in compliance with the consent decree; instead, pursuant to the PLRA, the district court must determine if the consent decree is currently necessary . . . If the court finds that the current conditions at SPSM–CC do not violate the Constitution, then it should terminate the consent decree regardless of whether the objectives of the consent decree have been achieved. If, on the other hand, the court finds that constitutional violations persist, then it should retain jurisdiction to enforce compliance with the consent decree, provided that the prospective relief set forth in the decree is necessary, narrowly drawn, and the least intrusive means to correct the violations."). This is logical, as consent decrees "generally are viewed as a mechanism pursuant to which relief is granted"[10] due to a separately existing violation of a federal right.

This is not, however, to detract from the fact that Defendant *is* in substantial compliance with the Consent Decree. As the Monitors' Sixth Report demonstrates, Defendant is in full compliance with almost all of the Decree, and in partial compliance with only four areas of the Decree. *See Monitors' Sixth Report, Docket Entry No. [121]*. Notably, the Monitors did not find non-compliance with any provisions of the Decree. *Id.* While the provisions of the Decree do not equate to federal rights, Defendant's substantial compliance with the relief approved and ordered through the Decree can only be said to validate the lack of a current and ongoing Eighth Amendment violation.[11] *See id.; see also Expert Report of Tom Roth, Ex. "A."*

---

[10] *See, e.g., Vazquez v. Carver*, 18 F. Supp. 2d 503, 509 (E.D. Pa. 1998) *aff'd*, 181 F.3d 85 (3d Cir. 1999).

[11] While there is no current and ongoing violation of a federal right, even if the Court were to find a violation, Plaintiffs still would have to carry their additional burden of showing that the relief "meets the need-narrowness-intrusiveness requirements at the time of the court's inquiry in response to [Defendant's] motion to terminate." *Cason v. Seckinger*, 231 F.3d 777, 783-85 (11th Cir. 2000). In other words, <u>new</u> findings are required in light of the motion to terminate. *See id.* ("With regards to the nature of the § 3626(b)(3) inquiry, the district court's statement indicates that it thought the question was whether the relief contained in the orders extended no further than necessary "to correct the [alleged] violations

In sum, Defendant has satisfied its burden under § 3626(b)(1)(A) of the PLRA by demonstrating the requisite passage of time. The relief approved and ordered by the Court in the Consent Decree is, therefore, now terminable. Because Plaintiffs will not be able to carry their § 3626(b)(3) burden, the relief also should be terminated.

C. **Termination is Additionally and Alternatively Appropriate Pursuant to Federal Rule 60.**

Termination of the Consent Decree is proper pursuant to § 3626(b)(1)(A)(i). This means that the Court need not also engage in an analysis of Federal Rule of Civil Procedure 60 to reach termination. Prior to the enactment of the PLRA, termination or modification of a court order or consent decree required prison administrators to file a motion under Rule 60(b), which allows the reopening of a prior judgment in certain circumstances. Conversely, the PLRA allows broader standards to be utilized when ruling on a motion to terminate under § 3626(b). Due to this, the Court's termination analysis both begins and ends with § 3626(b) of the PLRA.

This is not to say, however, that Federal Rule 60 altogether is supplanted by the PLRA or entirely inapplicable to consent decrees entered under the PLRA. *See Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 378 (1992) (discussing Rule 60 and consent decrees *prior* to the passage of the PLRA). While the PLRA provides its own authorization for periodic review of

---

dealt with by the parties and the court *at the time the orders were consented to and/or entered.*" [ ] That is not the (b)(3) question. Instead, if there is a "current and ongoing" violation, the question becomes whether the prospective relief meets the need-narrowness-intrusiveness requirements at the time of the court's inquiry in response to the motion to terminate. The court must make new findings about whether the relief *currently* complies with the need-narrowness-intrusiveness requirements, given the nature of the *current* violations. It is not enough under § 3626(b)(3) that the orders, *when entered,* were sufficiently narrow considering the violations that existed *at that time.*") (emphasis in original); *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 354 (5th Cir. 2001) (citing *Cason* positively for the proposition that "new findings" are required); *Ruiz v. United States*, 243 F.3d 941, 950 (5th Cir. 2001); *Austin v. Wilkinson*, No. 4:01-CV-00071, 2008 WL 697679, at *2 (N.D. Ohio Mar. 12, 2008).

14

decrees, s*ee* § 3626(b)(1), it also, in § 3626(b)(4), expressly contemplates the availability of Rule 60(b) as a procedural mechanism to get termination <u>before</u> the relief becomes "terminable" due to the passage of time under § 3626(b)(1)(A).

If Defendant was moving to terminate under § 3626(b)(4), then Rule 60's requirements could be, in addition to the PLRA's mandates, implicated. However, Defendant is moving for termination under § 3626(b)(1)(A), which contains its own mandatory rules (*i.e.*, "shall be terminable") for termination of the instant Decree. *See Ruiz v. United States*, 243 F.3d 941, 943 (5th Cir. 2001) (finding the termination provisions of the PLRA constitutional, that the court failed to adhere to § 3626(b)(3)'s mandates in analyzing the limitation on termination, and analyzing termination only under the PLRA and not Rule 60, as defendants had "dropped" their Rule 60 motion altogether); *see also Guajardo v. Texas Dep't of Criminal Justice*, 363 F.3d 392, 394 (5th Cir. 2004) (applying only § 3626(b)); *Gilmore v. California,* 220 F.3d 987, 1007 (9th Cir. 2000) (noting that the PLRA provides a "more exacting standard" for a court to follow than that set forth in *Rufo*); *Shima Baradaran-Robison, Kaleidoscopic Consent Decrees: School Desegregation and Prison Reform Consent Decrees After the Prison Litigation Reform Act and Freeman-Dowell*, 2003 B.Y.U. L. Rev. 1333, 1351 (2003) ("The PLRA replaces the *Rufo* . . . with a standard that makes it more difficult to maintain judicial supervision over prison reform consent decrees."); *Plata v. Brown*, 754 F.3d 1070, 1073 (9th Cir. 2014) ("Under the PLRA, a defendant in prison litigation may move to terminate any prospective relief two years after the date the court approved the relief. 18 U.S.C. § 3626(b)(1)(A)(i)"). It is clear, then, that § 3626(b)(1)(A) is the proper vehicle for terminating the instant Consent Decree.

Out of an abundance of caution, however, Defendant additionally and alternatively urges this motion pursuant to Federal Rule 60. Federal Rule 60(b)(5) and (b)(6) provide as follows:

> (b) On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding (5) [because] judgment has been satisfied, released, or discharged ... or it is no longer equitable that the judgment should have prospective application or (6) [for] any other reason justifying relief from the operation of the judgment;

*Id.; see also Rufo,* 502 U.S. at 378. Here, Rule 60(b)'s requirements are satisfied.

From a factual basis, the facility altogether has changed, including, but not limited to, the inmate profile, the policies and procedures in place and enforced, the medical care provided, and the staffing levels. *See Expert Report of Tom Roth, Ex. A; Monitors Sixth Report, Docket Entry No. [121].* Due to these changes, Defendant has alleviated the concerns raised at the time the Decree was entered, so much so that the relief provided by the Decree should be terminated. The relief simply is no longer needed to correct a current and ongoing constitutional violation— because no violation exists. Therefore, even if Federal Rule 60 was the proper vehicle to terminate the Decree, termination still would remain warranted under this standard. But, because Rule 60's requirements are not separately required for termination under § 3626(b)(1)(A), this analysis is unnecessary and the Decree "shall be terminable" upon the filing of the instant motion pursuant to the PLRA.

## IV. CONCLUSION

Put simply, the Consent Decree has achieved its purpose. There are no current and ongoing violations of any federal rights at Walnut Grove. Thus, not terminating the Decree at this time will erode the very purpose of the PLRA and run afoul of its termination provisions. Not terminating also will serve only to penalize the progress made by Defendant under the Consent Decree. For these reasons, Defendant respectfully requests that this Court terminate the Consent Decree approved and ordered by this Court on March 26, 2012, and that the Court consolidate the pending motions and continue the evidentiary hearing.

Dated: March 13, 2015.

16

**BY: JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

*/s/ Harold E. Pizzetta III*
HAROLD E. PIZZETTA, III, MSB # 9752
ASSISTANT ATTORNEY GENERAL
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205
hpizz@ago.state.ms.us

*/s/ Krissy C. Nobile*
KRISSY C. NOBILE, MSB # 103577
SPECIAL ASSISTANT ATTORNEY GENERAL
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205
knobi@ago.state.ms.us

*/Gary E. Friedman*
GARY E. FRIEDMAN, MS BAR NO. 5532
TODD BUTLER, MS BAR NO. 102907
PHELPS DUNBAR, LLP
4270 I-55 North
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
friedmag@phelps.com
butlert@phelps.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I, Krissy C. Nobile, do hereby certify that on March 13, 2015, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Sheila A. Bedi
SOUTHERN POVERTY LAW CENTER
753 N. Congress Street
Jackson MS 39202
(601) 948-8882
sheila.a.bedi@gmail.com

Jacob W. Howard
MCDUFF & BYRD
767 North Congress
Jackson MS 39202
(601) 969-0802
jake@mcdufflaw.com

Jennie S.H. Eichelberger
SOUTHERN POVERTY LAW CENTER
111 East Capitol Street, Suite 280
Jackson MS 39201
(601) 948-8882
jennie.eichelberger@spcenter.org

Jody E. Owens, II.
SOUTHERN POVERTY LAW CENTER
921 North President Street, Suite B
Jackson MS 39202
(601) 948-8882
jody.owens@splcenter.org

Margaret Winter
NATIONAL PRISON PROJECT OF THE ACLU
915 15th Street, N.W., 7th Floor
Washington D.C. 20005
(202) 548-6605
mwinter@npp-aclu.org

Robert B. McDuff
MCDUFF & BYRD
767 North Congress Street
Jackson, MS 39202
601/969-0802
Fax: 601/969-0804
Email: RBM@McDuffLaw.com
ATTORNEY TO BE NOTICED

ATTORNEYS FOR PLAINTIFFS

                                      */s/ Krissy C. Nobile*_____
                                       KRISSY C. NOBILE