# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CHARLTON DEPRIEST, ET AL.**                                    **PLAINTIFFS**

**v.**                                    **Civil Action No. 3:10-cv-663(CWR)(FKB)**

**WALNUT GROVE CORRECTIONAL**
**AUTHORITY, ET AL.**                                           **DEFENDANTS**

## MOTION FOR HEARING AND TO CONSOLIDATE AND CONTINUE

**COMES NOW**, Defendant, Marshall Fisher, in his official capacity as the Commissioner of the Mississippi Department of Corrections[1] ("Defendant") and files the instant Motion for Hearing and to Consolidate and Continue and would show unto the Court as follows:

1. This litigation began five years ago, with a federal complaint filed by Plaintiffs on November 16, 2010. *See Complaint, Docket Entry No. [1]*. After months of investigation and lengthy negotiations, a Consent Decree was approved and ordered by this Court on March 26, 2012. *See Consent Decree, Docket Entry No. [75-3]*. Pursuant to the Consent Decree, monitors were appointed for the purpose of tracking compliance with the terms of the Decree. *See id. at § IV, ¶ 1*. The monitors are responsible for submitting reports to counsel every four months. *See id.* This procedure outlined by the Decree has been followed, and the monitors now have submitted a total of six separate reports. *See Monitors' Sixth Report, Docket Entry No. [121]*.

---

[1] Under Federal Rule of Civil Procedure 25, the Defendant now should be Marshall L. Fisher, in his official capacity as the Commissioner of the Mississippi Department of Corrections.

2. On August 6, 2014, Plaintiffs filed a motion to enforce and modify the Consent Decree, and they filed their updated memorandum in support on January 13, 2015. *See Motion, Docket Entry No. [106]; Amended Memorandum, Docket Entry No. [115]*. After Plaintiffs filed their motion, the Court set an evidentiary hearing for April 1, 2015. Recently, the monitors submitted their Sixth Report to counsel, and it was filed with the Court on March 6, 2015. *See Monitors' Sixth Report, Docket Entry No. [121]*.

3. Because there are no current and ongoing violations of any Federal right, and in light of Plaintiffs' motion to enforce and modify, Defendant has filed a Motion to Terminate the prospective relief approved and ordered by the Court in the Consent Decree pursuant to 18 U.S.C. § 3626(b)(1)(A). In filing its motion to terminate, Defendant has invoked the procedures set forth in 18 U.S.C. § 3626(e) governing motions affecting prospective relief, including Subsections (e)(1) concerning rulings on motions to terminate and (e)(2)'s automatic stay. Defendant also requests that the Court set a pre-termination evidentiary hearing pursuant to § 3626(b).[2]

4. Given the Court already has scheduled an evidentiary hearing on Plaintiffs' motion, Defendant requests the Court consolidate and continue the two hearings.[3] Consolidating the hearings and providing a continuance is not only logical, but prudent. Plaintiffs' motion to modify triggers the "prospective relief" provisions of the PLRA. *See* 18 U.S.C. §3626(a). Given this, and as discussed in more detail in Defendant's Motion to Terminate, many, but not all, of

---

[2] *See Guajardo v. Texas Dep't of Criminal Justice*, 363 F.3d 392, 397 (5th Cir. 2004); *Loyd v. Alabama Dept. of Corrs.,* 176 F.3d 1336, 1342 (11th Cir. 1999); *Ruiz v. United States*, 243 F.3d 941, 943 (5th Cir. 2001).

[3] As a point of clarity, Defendant waited to file the instant Motion until after the Monitors could complete their Sixth Report, which occurred the week prior to the filing of this motion, to allow the parties to be acting on current and complete information

the issues raised by Defendant's termination motion already are before the Court in the motion to modify. Consolidation will, therefore, expedite the resolution of some of the pending matters.

5. Yet, a continuance of the consolidated hearings is necessary due to the issues not presently before the Court. First, once a motion to terminate has been filed under § 3626(b)(1)(A), Plaintiffs' burden under the PLRA requires more than showing a mere failure to comply perfectly with the Consent Decree. The burden on Plaintiffs under § 3626(b)(3) is to demonstrate a current and ongoing violation of a federal right. *See, e.g., Hadix v. Caruso*, 420 F. App'x 480, 485 (6th Cir. 2011) ("[T]he relevant inquiry is *not* whether the defendants are in compliance with the consent decree; instead, pursuant to the PLRA, the district court must determine if the consent decree is currently necessary . . . If the court finds that the current conditions at SPSM–CC do not violate the Constitution, then it should terminate the consent decree regardless of whether the objectives of the consent decree have been achieved. If, on the other hand, the court finds that constitutional violations persist, then it should retain jurisdiction to enforce compliance with the consent decree, provided that the prospective relief set forth in the decree is necessary, narrowly drawn, and the least intrusive means to correct the violations."); *Ruiz v. United States*, 243 F.3d 941, 943 (5th Cir. 2001); *Guajardo v. Texas Dep't of Criminal Justice*, 363 F.3d 392, 395-96 (5th Cir. 2004) (discussing § 3626(b)(3) burdens).

6. Second, and more importantly, Defendant is moving to terminate the Consent Decree *in whole* (and/or in part), which includes the portions of the Decree directed at medical care.[4] Medical care, however, is not an issue raised by Plaintiffs' current motion at all. To fully resolve the pending motions, then, Defendant respectfully requests consolidation and a

---

[4] While Defendant seeks to terminate in whole the prospective relief ordered and approved in the pertinent Consent Decree concerning Walnut Grove, Defendant notes that mental health claims are not part of any consent decree but are in a separate, non-court enforceable Memorandum of Agreement. *See* Docket Entry No. [75].

continuance so that all issues may be presented to the Court at one time, instead of only in piecemeal.

7. Given the nature of this motion, Defendant requests that the requirement of a separate memorandum in support be waived.

For these reasons, Defendant respectfully requests that the Court consolidate Plaintiffs' motion to enforce/modify and Defendant's motion to terminate, and continue the evidentiary hearings to allow all issues to be presented to the Court.

Dated: March 13, 2015.

Respectfully Submitted,

BY: JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI

*/s/ Harold E. Pizzetta III*
HAROLD E. PIZZETTA, III, MSB # 9752
ASSISTANT ATTORNEY GENERAL
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205
hpizz@ago.state.ms.us

*/s/ Krissy C. Nobile*
KRISSY C. NOBILE, MSB # 103577
SPECIAL ASSISTANT ATTORNEY GENERAL
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205
knobi@ago.state.ms.us

*/Gary E. Friedman*
GARY E. FRIEDMAN, MS BAR NO. 5532
TODD BUTLER, MS BAR NO. 102907
PHELPS DUNBAR, LLP
4270 I-55 North
Post Office Box 16114
Jackson, Mississippi 39236-6114

Telephone: 601-352-2300
friedmag@phelps.com
butlert@phelps.com

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

I, Krissy C. Nobile, do hereby certify that on March 13, 2015, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Sheila A. Bedi
SOUTHERN POVERTY LAW CENTER
753 N. Congress Street
Jackson MS 39202
(601) 948-8882
sheila.a.bedi@gmail.com

Jacob W. Howard
MCDUFF & BYRD
767 North Congress
Jackson MS 39202
(601) 969-0802
jake@mcdufflaw.com

Jennie S.H. Eichelberger
SOUTHERN POVERTY LAW CENTER
111 East Capitol Street, Suite 280
Jackson MS 39201
(601) 948-8882
jennie.eichelberger@spcenter.org

Jody E. Owens, II.
SOUTHERN POVERTY LAW CENTER
921 North President Street, Suite B
Jackson MS 39202
(601) 948-8882
jody.owens@splcenter.org

Margaret Winter
NATIONAL PRISON PROJECT OF THE ACLU
915 15th Street, N.W., 7th Floor
Washington D.C. 20005
(202) 548-6605
mwinter@npp-aclu.org

Robert B. McDuff
MCDUFF & BYRD
767 North Congress Street
Jackson, MS 39202
601/969-0802
Fax: 601/969-0804
Email: RBM@McDuffLaw.com
ATTORNEY TO BE NOTICED

ATTORNEYS FOR PLAINTIFFS

                                                /s/ *Krissy C. Nobile*_____
                                               KRISSY C. NOBILE