# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2016

Lyle W. Cayce
Clerk

No. 15-60488

CHARLESTON DEPRIEST, as father and next friend of C.B. a minor; ERIC BALL, on behalf of himself and all similarly situated individuals; ERIK BARNES, on behalf of himself and all similarly situated individuals; JAMARIO BRADY, on behalf of himself and all similarly situated individuals; JOSHUA CLAY, on behalf of himself and all similarly situated individuals; CHRISTOPHER COLEMAN, on behalf of himself and all similarly situated individuals; LAMARCUS CURRY, on behalf of himself and all similarly situated individuals; CRAIG KINCAID, on behalf of himself and all similarly situated individuals; LEMARSHA READUS, on behalf of himself and all similarly situated individuals; COZY SCOTT, on behalf of himself and all similarly situated individuals; LATRAVIS SMITH, on behalf of himself and all similarly situated individuals; BRIAN WEBSTER, on behalf of himself and all similarly situated individuals; FREDRICK WHITE, on behalf of himself and all similarly situated individuals,

        Plaintiffs - Appellees

v.

MARSHALL L. FISHER, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS,

        Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-663

Before DENNIS, ELROD, and GRAVES, Circuit Judges.

No. 15-60488

PER CURIAM:*

Prisoners at the Walnut Grove Correctional Facility filed this lawsuit in November 2010, challenging what they referred to as the "barbaric, unconstitutional conditions" of confinement and alleging that Walnut Grove was violating their Eighth Amendment rights. In March 2012, the district court entered a consent decree, approving and adopting substantive remedies to which the parties had agreed. In 2015, Walnut Grove filed a motion to terminate the decree in its entirety, pursuant to the Prison Litigation Reform Act, claiming that prospective relief was no longer necessary. In July, the district court entered a final judgment in favor of the plaintiffs on Walnut Grove's motion to terminate. Marshall Fisher, the Mississippi Department of Corrections (MDOC), appealed. On September 15, 2016, while the appeal was pending, the MDOC closed Walnut Grove, and all prisoners were transferred to other facilities within the state. We invited the parties to address whether the closure of Walnut Grove rendered the appeal moot.

It is well settled that mootness is a threshold jurisdictional inquiry. *See Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."). In general, a claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam). "If a dispute has been resolved, or if it has evanesced because of changed circumstances, it is considered moot." *Louisiana Envtl. Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580-81 (5th Cir. 2004) (citing *American Medical Assoc. v. Bowen*, 857 F.2d 267 (5th Cir. 1988)). Here, the closure of Walnut Grove has

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 15-60488　　Document: 00513694251　　Page: 3　　Date Filed: 09/27/2016
Case 3:10-cv-00663-CWR-FKB   Document 192   Filed 09/27/16   Page 3 of 3

No. 15-60488

rendered the consent decree inoperative, resolving the dispute over its continued enforcement and mooting Fisher's appeal of the district court's judgment. *See id.*; *see also Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).

Because the issue is moot, we DISMISS the appeal for lack of jurisdiction.[1] However, "a determination of mootness neither precludes nor is precluded by an award of attorneys' fees." *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980). The district court therefore retains jurisdiction to rule on the plaintiffs' motion for attorneys' fees under 42 U.S.C. § 1988.

---

[1] Fisher urges us to vacate the district court's judgment if we find that the appeal is moot. The Supreme Court has emphasized that vacatur is an "extraordinary" and equitable remedy. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25-26 (1994). The burden is on "the party seeking relief from the status quo" of the lower court judgment to demonstrate "equitable entitlement to the extraordinary remedy of vacatur." *See id.* at 26. Fisher has not met this burden.