IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **CHARLESTON DEPRIEST, ET AL.** | **PLAINTIFFS,** |
| v. | **CASE No. 3:10-663-CWR-FKB** |
| **WALNUT GROVE CORRECTIONAL AUTHORITY, ET AL.** | **DEFENDANTS.** |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES FOR FEES LITIGATION

Plaintiffs seek the fees they incurred in successfully litigating their Fee Petition in this suit. These fees are reasonable, and Plaintiffs are legally entitled to them. *See* Docket 210.

This Court has acknowledged that, under binding Circuit precedent, Plaintiffs are entitled to recover fees on fees. Doc. 208 at 8 n.3, 17 (citing *Volk v. Gonzalez*, 262 F.3d 528, 536 (5th Cir. 2001)). Moreover, Defendant has expressly conceded that Plaintiffs are entitled to recover fees-on-fees. Docket 198 at 24 ("Walnut Grove does not dispute that, if the Inmates were to qualify for fees under § 1988 and the PLRA, they would be eligible for certain 'attorney's fees incurred in recovering attorney's fees' under Fifth Circuit precedent" (quoting *Volk*, 262 F.3d at 535–536).

Having filed a 26-page opposition brief asserting over twenty-five arguments as to why Plaintiffs were entitled to no attorney's fees in this suit, Defendant now argues that Plaintiffs are entitled to *no* attorney's fees for the time spent successfully opposing those arguments. Defendant's position is not legally sound. As discussed below, Plaintiffs have demonstrated the legal authority which entitles them to recover the fees they incurred litigating their fee petition. Plaintiffs' Motion for Attorney Fees for Fees Litigation should be granted.

1

## I. Plaintiffs are legally entitled to recover fees-on-fees.

The Prison Litigation Reform Act ("PLRA") permits recovery of attorney's fees under 42 U.S.C. § 1988, to the extent that "the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights" so long as "the amount of the fee is proportionately related to the court ordered relief for the violation," or to the extent the fee was incurred "enforcing the relief ordered for the violation." 42 U.S.C. § 1997e(d)(1). Section 1988 permits the Court to grant a reasonable amount of attorney's fees as part of the costs to the prevailing party in a civil rights suit. *See* 42 U.S.C. § 1988(b); *see also Sanchez v. City of Austin*, 774 F.3d 873, 878 (5th Cir. 2014) (explaining that under § 1988, prevailing parties should nearly always be awarded attorney's fees).

In the Fifth Circuit, "it is well settled that fees-on-fees," those "fees incurred in seeking attorney's fees," are "recoverable under § 1988." *Volk*, 262 F.3d at 533, 536; *see also Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995) (defining "fees-on-fees" as "fees incurred while pursuing merits fees"). Further, "an award of fees-on-fees is consistent with § 1997e(d)'s mandate that only attorney's fees that are 'directly and reasonably incurred in proving an actual violation of the plaintiff's rights' be awarded in prisoner civil-rights litigation." *Volk*, 262 F.3d at 536 (quoting § 1997e(d)(1)(A)). The rationale underlying this rule is simple: if civil rights attorneys are not permitted to collect the attorney's fees expended pursuing fees in a case, they would not be fully compensated for their work on behalf of prisoners' civil rights claims. *See Volk*, 262 F.3d at 536; *see also Hernandez v. Kalinowski*, 146 F.3d 196, 200 (3d Cir. 1998) (noting that "[i]f 'fees on fees' are not allowed under the PLRA, defendants will have an

incentive to refuse to pay fees" and "would be encouraged to create further litigation over fees they rightfully owe to plaintiffs . . .").[1]

In the face of this clear authority, Defendant points to no relevant case[2] suggesting that the fees incurred researching and drafting a reply brief are categorically non-compensable, or that a prevailing plaintiff should recover anything less than all fees reasonably incurred in establishing its entitlement to fees on the merits.[3]

In this case, Defendant filed a 26-page opposition to Plaintiffs' initial Fee Petition, presenting numerous arguments in support of its conclusion that "[a]ll aspects of the Inmates' motion should be denied." Docket 198 at 26. No reasonable attorney would have left those arguments unanswered. The Local Rules permit Plaintiffs to file a reply brief, and they acted entirely reasonably in doing so. Indeed, the reply brief is arguably the *most* important filing, particularly in fee litigation, as it is Plaintiffs' only opportunity to respond to Defendant's specific objections regarding the fees sought. *See Strole v. Comm'r, Soc. Sec. Admin.*, No. 1:13–cv–929, 2015 WL 3964868, at *2 (S.D. Ohio June 29, 2015) ("The Court agrees that the reply brief is often the most important filing"). Plaintiffs are entitled to all fees reasonably incurred in establishing their entitlement to fees, including the preparation of their reply brief.

---

[1] Defendants appear to invite the Court to disregard the holding of *Volk*, arguing that "the Fifth Circuit panel did not have [the *Baker Botts* decision] at the time it decided *Volk*." Docket 214 at 6. This position is untenable: "it is the firm rule of [the 5th C]ircuit that one panel may not overrule the decisions of another." *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 574 (5th Cir. 2004) (quoting *United States v. Taylor*, 933 F.2d 307, 313 (5th Cir. 1991)).

[2] Defendant's argument hinges upon the Supreme Court's decision in *Baker Botts, L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158 (2015). For reasons discussed in section II, *infra*, that case is inapplicable here.

[3] No one would seriously argue that a plaintiff who prevailed on the merits through summary judgment was categorically ineligible for any fees incurred in preparing its reply brief; Defendants' argument here makes no more sense. *See, e.g., Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990) (explaining there is "no textual or logical argument for treating so differently a party's preparation of a fee application and its ensuing efforts to support that same application").

## II.     *Baker Botts* is inapplicable to this case.

Defendant bases its argument that Plaintiffs are not entitled to any attorney's fees incurred in "defending the fee petition" on a single case: *Baker Botts, L.L.P. v. ASARCO, LLC*, 135 S. Ct. 2158 (2015). Docket 214 at 5–8. This argument is frivolous.

At issue in *Baker Botts* was section 330(a)(1) of the Bankruptcy Code, which states that a bankruptcy court "may award . . . reasonable compensation for actual, necessary services rendered by" attorneys, accountants, and other professionals hired by bankruptcy the trustees under § 327 of the Bankruptcy Code, to assist them in carrying out their statutory duties. 11 U.S.C. §§ 330(a)(1) & 327(a). The *Baker Botts* Court held that § 330(a)(1) does not allow a bankruptcy court to award attorney's fees for work performed in defending a fee application in court: "[s]ection 330(a)(1) does not authorize courts to award 'reasonable compensation' *simpliciter*, but 'reasonable compensation *for actual necessary services rendered by*' the § 327(a) professional." *Baker Botts*, 135 S. Ct. at 2167 (quoting 11 U.S.C. § 330(a)(1)(A)) (emphasis added in *Baker Botts*). The case turned entirely on statutory interpretation, as the Court analyzed the statutory language and found it was not sufficiently explicit to authorize deviation from the "American Rule," under which each side pays its own attorney fees. *Baker Botts*, 135 S. Ct. at 2164–2169.

The *Baker Botts* Court explained this determination, noting that it recognizes "departures from the American Rule only in 'specific and explicit provisions for the allowance of attorneys' fees under selected statutes.'" *Baker Botts*, 135 S. Ct. at 2164 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 260 (1975)). Importantly, the Court noted that while the "'[s]tatutory changes to [the American Rule] take various forms,' . . . they tend to authorize the award of 'a reasonable attorney's fee,' 'fees,' or 'litigation costs,' and usually refer to a

'prevailing party' in the context of an adversarial 'action.'" *Baker Botts*, 135 S. Ct. at 2164 (internal citations omitted) (alterations in *Baker Botts*). In doing so, the Court specifically cited examples of such statutes, *including* 42 U.S.C. § 1988. *Id.* Thus, the *Baker Botts* Court *explicitly* stated that the rule it articulated does *not* apply to fees sought under § 1988 – a fact Defendant failed to mention in its description of the case.[4]

### III. Plaintiffs' requested fees are reasonable.

The Supreme Court has admonished that a party who refused the opportunity to settle a matter "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (D.D.C. 1980)). Yet that is exactly what Defendant does here.

#### A. Defendant has submitted no evidence that the fees sought by Plaintiffs are unreasonable.

As a threshold matter, Plaintiffs submitted authenticated copies of their billing records and sworn declarations establishing that the fees sought were reasonably and necessarily incurred in establishing Plaintiffs' entitlement to an award of attorney fees. *See* Decls. of D. Fathi and J. Owens, Dockets 210-1 & 210-2. In response, Defendant has submitted no evidence whatsoever. *See Tima v. Gonzales*, 156 Fed. App'x 717, 719 (5th Cir. 2005) (explaining that an "attorney's

---

[4] Recognizing that the Court's holding in *Baker Botts* hinged on the unique statutory language of the Bankruptcy Code, lower courts have consistently declined to extend the holding beyond the bankruptcy context. *See, e.g.*, *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 722 (6th Cir. 2016) (citing *Baker Botts* to explain its conclusion that "Congress knows how to set caps on fee applications and has done so in other contexts, yet it did not do so in § 1988"); *Bell v. Lantz*, 825 F.3d 849, 852 (7th Cir. 2016) (finding that the limitation addressed in *Baker Botts* does not apply to fees sought under the Copyright Act); *Romeo v. Simm Assocs., Inc.*, 170 F. Supp. 3d 750, 753 (M.D. Pa. 2016) (declining to apply *Baker Botts* after concluding that the case at issue "is not a bankruptcy case and . . . the principle articulated in *Baker Botts* . . . is confined to cases decided under the Bankruptcy Code.").

unsworn statements," or facts asserted in a brief without further evidence, "do not satisfy" evidentiary requirements); *see also Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence.") Defendant's evidentiary default, by itself, waives any challenge to Plaintiffs' fees defendant might have asserted. *See Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984) (declining "to consider petitioner's further argument that the hours charged by respondents' counsel were unreasonable," as "petitioner failed to submit to the District Court any evidence challenging the accuracy and reasonableness of the hours charged . . . "); *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 713 (6th Cir. 2016) (rejecting argument "that [the] requested hours were unreasonable," because "[o]ther than aggregating numbers," the defendants "utterly failed to establish that the requested hours are unnecessary in the context of the litigation before the district court . . . ").[5]

### B. Plaintiffs' hours were reasonably incurred in litigating their Fee Petition.

Plaintiffs' fees were reasonably incurred in the successful litigation of their fee petition. Defendant raised a multitude of arguments in its response brief; though the majority of these arguments did not prove to be meritorious, addressing them required significant legal research and factual review. For example, Defendant's response asserted that special circumstances applied, barring any recovery of fees. Docket 198 at 9–11. It was necessary for Plaintiffs'

---

[5] Defendant attaches to its brief two exhibits which attempt to characterize certain entries from Plaintiffs' time records. Dockets 213–1 & 213–2. These documents are unaccompanied by any declaration authenticating them, or explaining how or by whom they were prepared. Unauthenticated documents are not admissible. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Cunningham v. Advanta Corp.*, No. 3:08–cv–1794–K(BH), 2009 WL 290031, at *4 (N.D. Tex. Feb. 3, 2009) ("Since Plaintiff failed to authenticate his exhibits, they are inadmissible") (citing Fed. R. Evid. 901(a)).

    One such exhibit attempts to support Defendant's cursory argument that time it has classified as "editing" is not compensable, and the other attempts to demonstrate that time spent verifying and compiling facts and fees is not compensable. Dockets 214 at 12; 213-1 & 213–2. Considering the multitude of factual and legal arguments presented by Defendant's response brief, the time Plaintiffs spent editing arguments, revising declarations, reviewing and analyzing research, and verifying the accuracy of factual assertions is entirely reasonable.

counsel to fully research the law related to special circumstances before concluding that there was no possible manner in which special circumstances could prevent recovery of fees. While Plaintiffs' counsel ultimately reduced this refutation to a short paragraph, the argument could not be made with confidence until the underlying law had been fully researched. *See* Docket 206 at 11–12.

Further, significant factual review was required to ascertain whether Defendant's factual characterizations had any validity. For example, Defendant challenged the time spent interviewing clients as non-compensable "monitoring" time. Docket 198 at 17. To ensure that this was not the case, counsel for Plaintiffs necessarily had to carefully review the memoranda associated with each of the visits to Walnut Grove included in their bills. *See, e.g.*, Decl. of J. Owens, Docket 210-2, Exhibit A, at 1–3. Likewise, Defendants challenged the time expended in connection with the depositions taken in the case. Docket 198 at 17. Refuting these challenges involved careful review of the deposition transcripts in light of the case strategy at the time the depositions were taken, as well as legal research related to compensability of time spent in the depositions. *See* Decl. of J. Owens, Docket 210–2, Exhibit A, at 1–3. Importantly, the Court accepted these justifications when it awarded fees. Docket 208 at 11, 15.[6]

### C. Plaintiffs appropriately reduced the requested fees.

While the page length of the original Reply brief was reduced significantly by the Court, the research, analysis, and arguments underlying the re-drafted Reply remained unchanged from the original. Indeed, a comparison of the original and final Reply briefs demonstrates that the

---

[6] Defendant attempts to classify much of the time spent reviewing factual information as non-compensable "clerical" time. These tasks—including reviewing memoranda produced after client visits to Walnut Grove, reviewing billed hours related to depositions, and piecing together the circumstances surrounding settlement negotiations, to ensure they were correctly characterized in our brief—were not unrecoverable overhead expenses, but rather tasks that were necessary to the litigation of Plaintiffs' Fee Petition.

7

Reply brief ultimately filed with the Court—while significantly shorter than the original—contains the same arguments and is supported by the same research and facts. Had Plaintiffs originally filed only a 12-page Reply, they would have billed for the same research and analysis necessary to refute the factual and legal arguments Defendant raised in its response to Plaintiffs' Fee Petition. Additionally, Plaintiffs' Reply encompasses far more than the 12-page brief itself, as the Reply ultimately accepted by the Court was supplemented by 35 pages of fact-intensive supplemental declarations, explaining and justifying the specific expenditures which Defendant challenged in its response to the Fee Petition.

Further, Plaintiffs reduced their bills by approximately 25% to reflect that their original Reply brief was struck by the Court, and did not bill for *any* time associated with re-drafting their brief in accordance with the Court's order. Defendant correctly points out that SPLC did not include the bills associated with re-drafting their Reply brief as an exhibit to the Motion for Attorney's Fees for Fees Litigation. Docket 214 at 9–11. SPLC did not include these bills, because it is not seeking compensation for this time; however, to the extent these bills are helpful to the Court, they are attached to this brief. *See* Exhibit 1, Supp. Decl. of Jody Owens.

Finally, "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Keeping this in mind, Plaintiffs have responded broadly to the objections raised in Defendant's response to the instant motion, knowing that "the district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'" *Cantu Servs., Inc. v. Frazier*, 682 Fed. App'x 339, 343 (5th Cir. 2017) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011) (alteration in *Cantu Servs.*).

## IV. Conclusion

Defendant's response misstates the applicable law. Aside from critiquing the size of Plaintiffs' bill, as well as the categories into which elements of Plaintiffs' bills allegedly fall, Defendant fails to concretely explain why Plaintiffs' bill is unreasonable.[7] Plaintiffs' Motion for Attorney's Fees for Fees Litigation is well-grounded in Fifth Circuit law. Considering the sheer volume of factual and legal arguments proffered by Defendant in response to Plaintiffs' original Fee Petition, the hours Plaintiffs billed were reasonable. Further, Plaintiffs sufficiently reduced their hours to account for the fact that their initial Reply brief was struck. Accordingly, Plaintiffs' respectfully request that their Motion for Attorney's Fees for Fees Litigation be granted.

                                             Respectfully submitted,

/s/ Jody E. Owens, II
Jody E. Owens, II, MSB No. 102333
Sarah D. Bidinger, MSB No. 105015
Southern Poverty Law Center
111 East Capitol Street, Suite 280
Jackson, Mississippi 39201
Phone: (601) 948-8882
Fax: (601) 948-8885
jody.owens@splcenter.org
sarah.bidinger@splcenter.org

---

[7] For example, Defendant's bald assertion that Plaintiffs are entitled to compensation for no more than 25 hours is supported by no evidence or authority whatsoever. Docket 214 at 13.

9

Gabriel B. Eber
Margaret Winter
National Prison Project of ACLU
915 15th Street, NW, 7th Floor
Washington, DC 20005
Phone: (202) 393-4930
Fax: (202) 393-4931|
geber@aclu.org
mwinter@aclu.org   (admitted *pro hac vice*)

Robert B. McDuff
Jacob W. Howard
McDuff & Byrd
767 N. Congress Street
Jackson, Mississippi 39202
Phone: (601) 969-0802
Fax: (601) 969-0804
rbm@mcdufflaw.com
jake@mcdufflaw.com

**CERTIFICATE OF SERVICE**

I, Jody E. Owens, II, one of the attorneys for Plaintiffs, hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

SO CERTIFIED this 27th day of October, 2017.

/s/ Jody E. Owens, II
Jody E. Owens, II, MSB No. 102333