IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLTON DEPRIEST, ET AL.                                            PLAINTIFFS

V.                                              CAUSE NO. 3:10-CV-00663-CWR-FKB

WALNUT GROVE CORRECTIONAL                                            DEFENDANTS
AUTHORITY, ET AL.

**ORDER GRANTING IN PART & DENYING IN PART ATTORNEY'S FEE AWARD**

Plaintiffs spent over half a decade in litigation before this Court seeking to remedy egregious civil rights abuses at the Walnut Grove Correctional Facility.[1] After prevailing, they were granted an initial attorney's fee award authorized by both the Civil Rights Attorney's Fees Awards Act and the Prison Litigation Reform Act.[2] The Fifth Circuit in *Volk v. Gonzalez* said that such authorization makes "fees incurred in seeking attorney's fees . . . recoverable."[3] Accordingly, a portion of the initial award covered Plaintiffs' work on their opening fees-on-fees brief.[4] Plaintiffs now request an additional $51,034.90 award to cover the remainder of their fees-on-fees work, which focused on the drafting of a reply brief.[5]

Defendants make two objections to this request. First, they claim that the Supreme Court revoked *Volk*'s authorization of fees-on-fees recovery in *Baker Botts L.L.P. v. ASARCO LLC*.[6] *Baker Botts* stated that, "absent explicit statutory authority," each party "pays his own attorney's

---

[1] *Depriest v. Walnut Grove Corr. Auth.,* No. 310CV00663CWRFKB, 2017 WL 4228751 (S.D. Miss. Sept. 22, 2017).
[2] *Id.* (citing 42 U.S.C. § 1988(b); 42 U.S.C. § 1997e).
[3] 262 F.3d 528, 533, 536 (5th Cir. 2001).
[4] *See Amended Supplemental Declaration of Jody E. Owens II*, Docket No. 206-2.
[5] *Motion for Attorney Fees for Fees Litigation*, Docket No. 210.
[6] 135 S. Ct. 2158, 192 L. Ed. 2d 208 (2015).

fees."[7] Defendants say Plaintiffs deserve no fees-on-fees award because "there is no express statutory authorization" for one.[8]

Defendants misread *Baker Botts*, which merely interpreted the term "reasonable compensation" within the attorney's fees provisions of the federal bankruptcy code.[9] In doing so, the Court contrasted the bankruptcy code to statutes – including the Awards Act – which the Court said have "specific and explicit provisions for the allowance of attorney['s] fees."[10] *Baker Botts* applied, rather than altered, prior law governing attorney's fee awards made under the Awards Act. *Baker Botts* is therefore consistent with *Volk*. Plaintiffs remain entitled to fees-on-fees.

Defendants' second objection is that Plaintiffs' requested award is unreasonable. The Supreme Court says "presumptively" reasonable awards may be calculated using the "lodestar" method.[11] As the Fifth Circuit has explained, the lodestar method multiplies the hours a party "reasonably expended" by the "reasonable hourly rate for their services."[12] Plaintiffs' requested award uses this method, incorporating hourly rates previously set by this Court.[13] Defendants do not question these rates; rather, they claim Plaintiffs billed for more hours than they should have.

The first example of alleged overbilling is a $3,898.20 charge for what Defendants label "clerical" tasks.[14] Tasks like "reviewing and categorizing fees" and "creating charts re: time categories" may be clerical in some contexts.[15] A request for fees-on-fees is not among them. What made otherwise clerical tasks essential was the need to catalog work, a need caused by Defendants' resistance to any fee award. Plaintiffs reasonably expended the hours Defendants cite as clerical.

---

[7] *Id.* at 2164.
[8] *Memorandum in Support of Response in Opposition*, Docket No. 214 at 5.
[9] 135 S. Ct. at 2612 (quoting 11 U.S.C. § 330).
[10] *Id.*
[11] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (citation omitted).
[12] *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381-82 (5th Cir. 2011).
[13] *Compare Motion for Attorney Fees*, *supra* n. 4 at 3 *with Depriest*, *supra* n. 1, at *8.
[14] *SPLC Fees Charged for Clerical Tasks*, Docket No. 210-2.
[15] *Id.*

2

Next, Defendants allege that Plaintiffs overbilled for work involving legal arguments they failed to prevail on. They cite Supreme Court's statement in *Comm'r, I.N.S. v. Jean* that fees-for-fees "should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."[16] Defendants say that, because the initial award omitted a percent of the fees requested by Plaintiffs, the fees-on-fees award "should be reduced based on the same percentage."[17]

Defendants misread *Jean*, which gives an example of how to apply its rule: "if the Government's challenge to a requested rate for paralegal time resulted in . . . reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate."[18] *Jean* thus requires a reduction measured by the *time spent* seeking unobtained portions of the requested fee, not by the *percent difference* between the fees awarded and fees requested.

Here, Plaintiffs prevailed on issues that consumed the vast majority of fee litigation time. Such issues included whether fees included cover law clerk, community advocate work, work done on fees-on-fees, or expenses.[19] As Defendants' briefing shows, the majority of time was spent on a single issue Plaintiffs handily won: whether Plaintiffs deserved *any* fee award.[20] Plaintiffs failed to prevail on a handful of minor issues: an award for some improperly recorded billable hours; the precise rates for attorney travel, law clerk work, and community advocate work; and the award of $657 court admission costs.[21] Ever cognizant of the Supreme Court's statement that "essential goal" in awarding attorney's fees is achieving "rough justice" and not "auditing perfection,"[22] this

---

[16] 496 U.S. 154, 163 n. 10.
[17] *Memorandum in Support*, *supra* n. 7 at 12-13.
[18] *Id*.
[19] *See generally id.*
[20] *See Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees,* Docket No. 198.
[21] *Depriest*, *supra* n. 1 at *6-9.
[22] *Fox v. Vice*, 563 U.S. 826, 838 (2011).

3

Court estimates that Plaintiffs spent 5% of their time litigating such issues. Accordingly, their requested award is reduced by $2,551.75.

Finally, Defendants argue that Plaintiffs improperly billed for work done on an initial 57 page reply brief, which was struck by this Court for exceeding the relevant page limit.[23] Defendants say an award should only cover work on the revised 12 page reply brief.[24] Plaintiffs admit they billed hours for work spent on the struck brief.[25] They give three reasons to justify doing so: first, they claim the entirety of their initial work ended up in the revised brief;[26] second, they did not bill for the hours spent drafting the revised brief, amounting to $12,586.86 of work;[27] and finally, they adjusted for duplicative work by reducing their requested award by a further $5,387.40.[28]

These reductions do not resolve Defendants' objection. While much of the initial brief's argument appear in the revised brief, a significant amount does not.[29] Precisely how much that amount represents in work-hours requires a computation beyond this Court's power. Thankfully, such a computation is unnecessary. To repeat, the "essential goal" in crafting attorney's fee awards is to "do rough justice, not to achieve auditing perfection."[30] Comparing the briefs, the Court estimates that Plaintiffs should have omitted an additional 60 hours of attorney work from their requested award. Accordingly, that award will be further reduced by $13,140.

,

---

[23] *Order*, Docket No. 206.
[24] *Memorandum in Support*, *supra* n. 7 at 11.
[25] *Reply in Support of Motion*, Docket No. 215 at 8.
[26] *Id*.
[27] *See Owens Supplemental Declaration,* Docket No. 215-1; *Fathi Declaration*, Docket No. 210-1.
[28] *Fathi Declaration*, Docket No. 210-1.
[29] *Compare Response in Support re Supplemental Motion for Attorneys' Fees*, Docket No. 201 *with Response in Support re Supplemental Motion for Attorneys' Fees*, Docket No. 206.
[30] *Fox*, 563 U.S. at 838.

The Court believes the adjustments above make Plaintiffs' requested fees-on-fees award reasonable. Their request for that award is therefore GRANTED in part and DENIED in part. Defendants are ORDERED to pay Plaintiffs $35,343.15.

The Court will conclude by noting that Defendants chose the path of lengthy fees-on-fees litigation. The law did not force them to do so. The Supreme Court encourages parties to "settle the amount of a fee," and warns that the question of reasonable fees "should not result in a second major litigation."[31] If Defendants wish to avoid the risk of paying fees-on-fees awards, they should heed that warning.

**SO ORDERED**, this the 25th day of April, 2018.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[31] *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).